### MARY A. P. BLETHEN V. W. A. BONNER ET AL.

#### No. 836.  Decided November 27, 1899.

**Community Property—Acquisition During Marriage—Proof of Foreign Law.**

Between the wife, claiming a community interest in Texas lands conveyed to the husband during the marriage, and those claiming them through the husband because bought with money which became his separate property by the common law of Massachusetts, where it was acquired, the burden, resting on the latter, of proving such common law to be there in force, was not met by showing a constitutional provision continuing in force all laws theretofore adopted, without showing what was the law on the subject so continued in force.  (Pp. 142-144.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Bosque County.

Mrs. Blethen sued Bonner and others for a community interest in lands conveyed to her husband, Levi P. Blethen.  Defendants had judgment, and on her appeal therefrom it was affirmed.  She then obtained writ of error.

*N. J. Wade*, for plaintiff in error.—It is necessary to plead and prove the laws of another State which, in the absence of allegation and proof to the contrary, will, when brought in question, be presumed to be the same as those in force here, and the rights of parties must be determined by our laws.  Randall v. Burtis, 57 Texas, 362; Bradshaw v. Mayfield, 18 Texas, 21; Crosby v. Huston, 1 Texas, 203; Grant v. Bledsoe, 20 Texas, 456; Bufford v. Holliman, 10 Texas, 560; Beal v. Smith, 14 Texas, 305.

*W. A. Bonner*, for defendant in error the Equitable Securities Company.—Courts will take judicial notice of matters of history and of the laws of nations, and their provinces and colonies, especially of their unwritten laws.  The province and colony of Massachusetts Bay was an English province and colony, and the common law was in force in said province and colony.  Article 6, chapter 6, of the Constitution of the State of Massachusetts provides, "All the laws which have heretofore been adopted, used, and approved in the province, colony, or State of Massachusetts Bay, and usually practiced on in courts of law, shall still

remain and be in full force, until altered or repealed by the Legislature," etc. Johnson v. Chambers, 12 Ind., 102; Commonwealth v. Churchill, 2 Metc., 118; Bogardus v. Trinity Church, 4 Paige, 178-198; Commonwealth v. Leach, 1 Mass., 61; Roberts v. West, 15 Ga., 122; State v. Buchanan, 5 H. & J., 358; Patterson v. Winn, 5 Pet., 241; Commonwealth v. Knowlton, 2 Mass., 530; 1 Greenl. on Ev., sec. 5; 1 Whart. on Ev., secs. 287, 388; 1 Story Const., sec. 201.

When the common law has been established as in force in any State, it is presumed to remain in force, and if it has been abrogated, changed, or modified by the statute of such State, this must be made a matter of proof under the rules of evidence of the State where the litigation is pending, and the burden is upon the party claiming it has been changed. There was no proof whatever offered by appellant to show that the common law rule of Massachusetts had ever been changed by the statute. White v. Knapp, 47 Barb., 549; Holmes v. Broughton, 10 Wend., 75; Donegan v. Wood, 49 Ala., 242.

*Lockett & Kimball*, for defendant in error Tanner.

BROWN, Associate Justice.—For the purposes of this opinion, the following is a sufficient statement of facts proved on the trial: Plaintiff in error and Levi P. Blethen were married in the State of Massachusetts in the year 1863 and lived together as husband and wife until about April, 1865, when they separated. Mrs. Blethen has resided in Massachusetts ever since. Levi P. Blethen remained in Massachusetts and carried on business until the year 1878, when he removed to this State, bringing with him about $25,000, the greater part of which he had accumulated while he resided in Massachusetts, after the marriage and during the separation from his wife.

There was deeded to Levi P. Blethen, March 16, 1878, 540 acres of land; February 3, 1880, 248 acres; and February 12, 1880, 640 acres, all situated in Bosque County, Texas, and together constituting the subject of this litigation.

In the District Court of Bosque County on the 20th day of January, 1880, Levi P. Blethen secured a decree of divorce from plaintiff in error.

All of the defendants claim under Levi P. Blethen. Mrs. Blethen sued for one-half of the land, claiming it under the community laws of this State. The land was paid for with money brought to this State by Blethen, who claimed that the common law was in force in the State of Massachusetts during the time of his marriage with the plaintiff, and that the land was his separate property.

The following clause of the Constitution of Massachusetts, which was adopted in the year 1780, was read in evidence: "All the laws which have heretofore been adopted, used, and approved in the province, colony, or State of Massachusetts Bay, and usually practiced on in the courts of law, shall still remain and be in full force until altered or repealed by the Legislature, such parts only excepted as are repugnant

to the rights and liberties contained in this Constitution." There was
no other evidence offered to prove that the common law was in force in
the State of Massachusetts at the time that the rights of the parties ac-
crued. The court instructed the jury as follows: "The court instructs
you that the undisputed evidence in this case shows that the common
law was the law and rule of action in the State of Massachusetts, where
she and her husband, L. P. Blethen, resided at the time of her mar-
riage, and the court further instructs you that, under the common law,
the husband became the absolute owner of all personal property belong-
ing to the wife after her marriage.   *   *   *   Now, if you find that the
defendant Blethen borrowed the sum of $400 from his wife and after-
wards acquired the money in Massachusetts with which he purchased
the land in controversy, then you are instructed that you will find for
the defendants the land claimed by each of them, and so say."

The jury found a verdict for the defendants, which was affirmed by
the Court of Civil Appeals.

Under the laws in force in the State of Texas at the time Blethen
claims to have acquired the money with which he bought the land, the
wife, upon the facts proved, would be entitled to one-half of it. Blethen
and those who claim under him pleaded that the laws in force in the
State of Massachusetts, at the time the money was acquired, made it
his separate property. The pleadings presented the issue, what was the
law upon this subject in the State of Massachusetts between the years
1863, the date of the marriage, and 1878, the time of Blethen's removal
to Texas? The burden was upon the defendants to prove the law under
which they claimed rights different from those accorded to them by the
laws of Texas. The paragraph of the Constitution of Massachusetts
introduced in evidence does not establish that the common law was in
force in that territory at the time it was adopted, and furnishes no basis
for a presumption that it prevailed there when the alleged right had
its origin, if, indeed, such presumption would be indulged after so
great a lapse of time.

There being no evidence of what the law upon the subject was in
Masachusetts at the time in question, courts of this State must apply
that which prevailed here, because it is the only applicable rule of de-
cision known to them. Crosby v. Houston, 1 Texas, 203; Bradshaw v.
Mayfield, 18 Texas, 21; Porcheler v. Bronson, 50 Texas, 555; Houston,
etc., Railway Co. v. Baker, 57 Texas, 422; Tempel v. Dodge, 89 Texas,
68. If one seeks in our courts to support a claim to property different
from that secured by the laws of Texas, it is reasonable that he should
be required to inform the court what the law is that he seeks to have
enforced in this jurisdiction. It is true that in many of the States, per-
haps in the greater number, in the absence of evidence, the courts will
presume the common law to be in force in a sister State; but the rule
stated above is established in this State by an unbroken line of decisions,
and we believe it furnishes a safer guide than the indulgence in presump-

tion, for we know that frequent radical changes have been made by the legislatures of most of the American States in the rules of the common law, especially those which govern the rights of married women.

The defendants in error claim that the judgment should be affirmed as to Levi P. Blethen because, as to him, the plaintiff's action was barred by the statute of limitation, and as to the others, because they are innocent purchasers; but those issues were not submitted to the jury, and the facts are not such as to justify us in saying that the defenses claimed are, beyond controversy, good. It is therefore ordered that the judgments of the District Court and Court of Civil Appeals be reversed and the cause remanded.

*Reversed and remanded.*