### N. L. CLARDY ET AL. v. H. S. WILSON.

#### Decided June 2, 1900.

**1. Foreign Law—Common Law Rule Not Proved.**

Where the only evidence as to the law of another State was the testimony of an attorney that he was acquainted with the law of such other State, and that the common law prevailed there, except as modified by the statute, this was too indefinite and uncertain to establish that the common law rule whereby money inherited by the wife becomes the property of the husband obtains in such other State.

**2. Wife's Separate Property—Charge of Court.**

Under a judgment against the husband plaintiff purchased land the title to which stood in the wife's name, and brought suit therefor against them in trespass to try title. There being evidence that the land was bought with money that was the wife's separate property, the court charged that if the purchase price was paid out of the separate estate the jury should return a verdict in her favor; but refused a charge requested by defendants to the effect that if, at the time they bought the land, taking the deed in the wife's name, it was their intention that it should be her separate property, and that defendant had notice of the wife's claim prior to his purchase under the judgment, then the verdict should be in the wife's favor, whether the land was bought with her separate property or not. Held, that the charge given was not sufficiently full and specific, and that it was error to refuse the one requested.

**3. Same—Land May Be Community in Part.**

Where land with improvements thereon is purchased in part with community and in part with separate property funds, it becomes community property to the extent of the community funds used in the purchase of the improvements.

APPEAL from Johnson. Tried below before Hon. J. M. HALL.

*Ramsey & Brown* and *W. J. Ewing,* for appellants.

*Plummer & Green* and *Poindexter & Padelford,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—The appellants, N. L. Clardy and M. J. Clardy, are husband and wife. They were married in Tennessee, and emigrated from there to Texas. They bought lands in Johnson County, taking the deeds in the wife's name. The appellee, H. S. Wilson, became a creditor of N. L. Clardy. He brought suit on his debt and caused an attachment to be levied on the said lands. The suit progressed to judgment with a foreclosure of the attachment lien. Wilson bought at the foreclosure sale, and brought suit against the Clardys to recover the lands so bought. He obtained judgment for all the lands sued for in excess of the homestead.

The Clardys claimed that the lands were paid for with money inherited by Mrs. Clardy from her grandfather, and were therefore her separate property, and not liable for the payment of her husband's debts.

Wilson claimed that if any of the money inherited by Mrs. Clardy from her grandfather was paid on the lands, she received the money while living in coverture with her said husband in Tennessee; that the common law was then in force in that State, and that the money so received became and was, in consequence, the property of her husband.

After the Wilson debt was incurred, but before the attachment was levied, N. L. Clardy made a deed to said lands to his wife, the deed reciting that the lands had been paid for out of her separate estate. This transfer was attacked by Wilson as being in fraud of creditors.

The court, at the request of Wilson, charged the jury, in substance, that the common law was in force in Tennessee; that any money received by Mrs. Clardy while living with her husband in that State, became, by virtue of said law, the property of her husband, and if brought to Texas and invested in the lands in controversy, the same would be his property, and subject to forced sale for the payment of his debts.

O. T. Plummer, Esq., testified that he was acquainted with the laws of the State of Tennessee, having read and practiced law in said State, and that the common law prevailed and obtained in said State, except as modified by statute. No other testimony was offered on this issue.

It will be presumed that the laws of a foreign State are similar to the laws of Texas, and not that the common law is in force in the foreign State. Tempel v. Dodge, 89 Texas, 71. It is necessary for the party seeking to overcome this presumption to prove the foreign law. This may be done by parol evidence. Construction Co. v. Brick, 55 S. W. Rep., 521. But the fact must be proved with the same certainty that is required in proving all other material facts. Blethen v. Bonner, 53 S. W. Rep., 1016.

We do not think that proof that the common law is recognized in Tennessee, except as modified by statute, is sufficient to establish the fact that the common law rule as to marital rights prevails in that State. The testimony may be wholly true, but still the laws of Tennessee regulating the property rights of married women there may be radically different from the common law on that subject. The testimony of Mr. Plummer is too indefinite and uncertain to furnish a rule for the guidance of the courts in settling rights of parties to property in Texas. Blethen v. Bonner, supra.

The appellants requested the court to charge the jury as follows:

"You are instructed that if you believe from the evidence in this case that the purchase price of the land in controversy or any portion of the same was paid for either with the separate estate of N. L. Clardy or community estate of N. L. Clardy and M. J. Clardy, but at the time of the purchase of the said land, and the payment therefor, it was the intention and purpose of the said N. L. Clardy and M. J. Clardy that the land so bought should be and become the separate estate of M. J. Clardy, then you are instructed (the plaintiff Wilson having notice of the claim of M. J. Clardy before his purchase) that the law would recognize and protect the land so bought as the separate estate of M. J. Clardy; and if you find the facts to be so, you will find for the defend-

ant, whether said property was purchased with the separate estate of M. J. Clardy or not." This charge was refused. It is urged by the appellee that the main charge was sufficiently full on this issue. We do not think so. The charge given does not submit the issue with the directness and perspicuity desirable in charges to juries. While we do not desire to approve the requested charge as the most appropriate that could have been prepared, we think that it was sufficient to impose on the court the duty of giving in charge to the jury the rule invoked. We understand the rule to be that the taking of the deeds in the wife's name did not make it her separate property, but made it, prima facie, community property, and that the burden of proving that it was not community property was upon the Clardys. If, however, it was, at the time of the purchase, intended by the husband to be the wife's separate property, and the deeds were made accordingly and so accepted by the wife, such intention would be binding on the husband and his heirs and those claiming under him with notice. The questions as to intention and notice are questions of fact, to be determined like any other facts. Mining Co. v. Bullis, 68 Texas, 587.

We do not think that the second special charge asked by the appellants should have been given. It appears that one of the tracts of land in controversy was school land owned by Jackson County, and that one Williams was an actual settler on the land, with the prior right to purchase same, and had made some improvements thereon. He thereby acquired an equitable interest in the land. Baker v. Dunning, 77 Texas, 28; Baker v. Millman, 2 Texas Civ. App., 342; Baker v. Burroughs, 2 Texas Civ. App., 337. The Clardys bought both from Williams and the county. If the money paid to Williams was community funds, it would make the land community property to the extent of the Williams interest therein.

It is not necessary for us to consider the complaints of appellants that the verdict of the jury was contrary to the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*