HAWKINS v. WESTERN NAT. BANK OF HEREFORD et al.†

(Court of Civil Appeals of Texas. Amarillo. Jan. 6, 1912. Rehearing Denied March 1, 1912.)

1. Fraud, Statute of (§ 33*)—Promise to Answer for Debt of Another.

Where, as a part of the consideration for the purchase of property, the purchaser assumed and agreed to pay certain notes, he cannot assert that his agreement was within the statute of frauds, as a parting with title to property, in reliance on the promise, rendered the debt the original obligation of the purchaser.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–53, 56; Dec. Dig. § 33.*]

2. Pleading (§ 149*) — Cross-Complaint—Adoption of Complaint.

Certain defendants, in an action on a note, properly adopted the allegations of the plaintiff's complaint as a cross-action against another defendant, who assumed payment of the note.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 301; Dec. Dig. § 149.*]

3. Principal and Surety (§ 14*)—Novation (§ 7*)—Substitution of New Debtor—Effect on Former Principals.

A contract to assume a balance due on a note upon the purchase of a business, without consent of the holder of the note, would not release the original obligors, though, as between them and the person assuming the debt, they became sureties only.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 33; Dec. Dig. § 14;* Novation, Cent. Dig. § 7; Dec. Dig. § 7.*]

4. Novation (§ 12*) — Substitution of Debtor—Evidence.

Where, in an action on a note, there was a conflict of evidence as to which of a number of notes one made a defendant had assumed to pay under a contract by which he purchased a certain business, testimony of the value and kind of the property purchased was admissible to show what was actually paid or agreed to be paid therefor.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 12; Dec. Dig. § 12.*]

5. Bills and Notes (§ 489*)—Actions—Variance—Materiality.

Where the complaint on a note described the note as payable to H. and A., and alleged that H. and A. indorsed it to plaintiff, while the indorsement on the note was "H. & A.," evidence showing that the note was sold to

plaintiff by H., and by him indorsed in the firm name, was not a material variance.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

6. APPEAL AND ERROR (§ 714*)—RESERVATION OF GROUNDS—STATEMENT OF FACTS.

Where there is a statement of facts in the record which was agreed to by counsel and approved by the trial judge, it may be looked to to determine whether, in the light of facts there shown, error assigned and shown by bill of exceptions was reversible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2958–2963; Dec. Dig. § 714.*]

7. APPEAL AND ERROR (§ 1051*) — HARMLESS ERROR.

In an action on a note, payment of which a defendant was alleged to have assumed, the refusal to admit as res gestæ testimony of such defendant's declarations, made at the time the agreement of assumption was claimed to have been entered into, showing that he did not intend to assume the particular note, was harmless, where other witnesses were allowed to testify as to such facts, and no issue was raised by the evidence as to such question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

8. EVIDENCE (§ 123*) — DECLARATIONS—RES GESTÆ.

Declarations of a defendant, alleged to have assumed payment of the note sued on, made immediately after the making of the alleged contract of assumption, and expressing an intention not to assume the note, are inadmissible as res gestæ, where made at a different place than that at which the contract was made, and after a difference of opinion as to whether the note had been assumed had arisen.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368; Dec. Dig. § 123.*]

9. APPEAL AND ERROR (§ 1039*)—HARMLESS ERROR—VARIANCE.

Though a complaint in an action on a note alleged that a defendant was liable thereon under a contract of assumption made with two persons, and the evidence showed that the contract was made with only one of them, the variance could have been removed on the trial by amendment, and could not have misled the defendant, it was not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

Appeal from Deaf Smith County Court; C. D. Wright, Judge.

Action by the Western National Bank of Hereford and others against H. H. Hawkins. From a judgment for plaintiffs, defendant appeals. Affirmed.

Barcus & North, for appellant. Knight & Slaton and Carl Gilliland, for appellees.

GRAHAM, C. J. This suit originated in the county court of Deaf Smith county by the Western National Bank of Hereford, Tex., suing C. T. Dobbins, J. H. Barnum, and Bill Barnum, as makers, and H. H. Hawkins and C. P. Arthur, as indorsers, and H. H. Hawkins on a special contract of assumption, alleged to have been made by him, for the balance of principal, interest, and attorney's fees due on a certain promissory note, originally payable on its face to H. H. Hawkins and C. P. Arthur, for the sum of $750, and to foreclose the chattel mortgage executed by J. H. Barnum on certain personal property to secure the payment of the note.

The defendants J. H. Barnum, Bill Barnum, and C. T. Dobbins answered, admitting the allegations of fact contained in plaintiff's pleadings, and further adopting the same as a cross-action against the defendant H. H. Hawkins, and prayed that in the event plaintiff recovered against them, or either of them, that they have judgment over against the defendant H. H. Hawkins on the special contract of assumption.

The defendants H. H. Hawkins and C. P. Arthur answered by general demurrer, special exceptions, a general denial, and special defenses to the effect that more than two terms of court had passed in which suit could have been filed on the note sued on since its maturity and before suit was filed, no protest having been had thereon; that at the time the note sued on was executed it was also secured by a lien on property, other than that covered by the mortgage sought to be foreclosed in this suit, amply sufficient to pay the note, and that the plaintiff had recklessly and carelessly permitted defendants C. T. Dobbins and J. H. Barnum to dispose of, use, and waste same and apply to the payment of other debts, and that plaintiff was thereby estopped from holding them (H. H. Hawkins and C. P. Arthur) liable on said note; that plaintiff was attempting to hold them for the debt of another, contrary to the statute of fraud; that plaintiff had extended the time of payment of said note, for a valuable consideration, on a contract made with the makers thereof, without the consent of defendants H. H. Hawkins and C. P. Arthur, and prayed accordingly. C. P. Arthur also pleaded non est factum as to the indorsement on the note sued on. The trial court overruled some exceptions urged by H. H. Hawkins and C. P. Arthur to the pleadings of plaintiff, which will be discussed below.

A trial before a jury resulted in a verdict and judgment for defendant C. P. Arthur and for plaintiff against C. T. Dobbins, J. H. Barnum, Bill Barnum, and H. H. Hawkins, and in favor of C. T. Dobbins, J. H. Barnum, and Bill Barnum against H. H. Hawkins, and in favor of plaintiff for foreclosure of the mortgage, from which judgment H. H. Hawkins alone has appealed to this court.

The record shows that in 1909 C. P. Arthur and H. H. Hawkins sold a certain butcher business, fixtures, and other personal property to J. H. Barnum, C. T. Dobbins, and Bill Barnum, and that the note sued on was executed and delivered as a part of the purchase price therefor; that Hawkins, without the knowledge or consent of C. P. Arthur, sold the note to plaintiff before maturity,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

and indorsed the note "Hawkins & Arthur"; that thereafter J. H. Barnum purchased the interest of Bill Barnum in said butcher business, and that thereafter he also purchased the interest of C. T. Dobbins therein, and that thereafter, and about May 30, 1910, J. H. Barnum sold said business, as well, possibly, as a restaurant business, to H. H. Hawkins; it being claimed by J. H. Barnum that said Hawkins, as a part of the consideration for said last-mentioned sale, assumed and agreed to pay off and satisfy the note sued on, while Hawkins claimed that he assumed and agreed to pay other notes, but not the one sued on. The contract of sale last mentioned appears to have been an oral one.

As grounds for reversal, appellant urges the assignments of error hereinafter discussed.

[1] Under his first assignment, in his brief, appellant groups his second and seventh assignments in the record, and they are as follows: Second assignment: "The court erred in overruling special exception No. 2 in defendants Hawkins and Arthur's first amended answer, wherein H. H. Hawkins specially excepted to that part of plaintiff's petition in which plaintiff attempted to hold defendant H. H. Hawkins liable on the alleged contract made between Barnum and Dobbins and Hawkins, wherein plaintiff claimed Hawkins agreed and assumed to pay the debt of said Barnum and Dobbins, because same was an attempt to hold this defendant for the debt of another, contrary to the statute of fraud." Seventh assignment: "The court erred in overruling special exception No. 2 of the defendant H. H. Hawkins, as set out in his first supplemental answer, because it is an attempt on the part of the defendants Barnum and Dobbins to hold the defendant Hawkins for their debt, contrary to the statute of fraud." The only proposition submitted is as follows: "No action shall be maintained against a person upon a promise to answer for the debt of another, unless the same be in writing and signed by the party sought to be charged, or some one duly authorized by him." The allegations in plaintiff's pleadings being, in effect, that J. H. Barnum and C. T. Dobbins had parted with title to property in consideration of a promise on the part of Hawkins to pay the note sued on, we think the statute of fraud has no application, as the debt thereby became the original obligation of Hawkins. Spann v. Cochran, 63 Tex. 240.

[2] Apppellant's second assignment in his brief is based on his fifth assignment in the record, which is as follows: "The court erred in overruling the general demurrer of the defendant H. H. Hawkins to defendants Barnum and Dobbins' cross-action, because said cross-action does not state any cause of action against H. H. Hawkins." As the first proposition under this assignment is based on the contention that the . pleading is insuffi-

cient to state a cause of action against appellant (J. H. Barnum, Bill Barnum, and C. T. Dobbins having adopted as a cross-action against appellant, plaintiff's pleading), for the reasons given, and under the authority cited in disposing of appellant's first assignment in his brief, we also overrule this proposition. Believing that J. H. Barnum, Bill Barnum, and C. T. Dobbins had a legal right to adopt the pleadings of plaintiff as a cross-action in their behalf, as against H. H. Hawkins, we also overrule the second proposition under this assignment. Alliance Milling Company v. Eaton, 23 S. W. 455.

[3] Appellant has grouped under his third assignment in his brief his ninth and twentieth assignments in the record; the ninth assignment in the record being based on the action of the trial court in overruling a special exception urged by appellant to a portion of appellees' pleading, while his twentieth assignment in the record is based on the action of the trial court in failing to give a special charge requested by appellant. The only proposition submitted shows the legal question raised is as follows: "To hold one to be liable for the debt of another as an original undertaking, it is necessary to allege and prove that the party primarily liable has been released from the payment of such debt." We have read the authorities cited by appellant in support of his contention, and think they do not sustain him. While the contract between Hawkins and J. H. Barnum and C. T. Dobbins would have the effect, as between Barnum and Dobbins, on the one hand, and Hawkins, on the other, of making Hawkins primarily liable and Barnum and Dobbins sureties for the debt, in the absence of an agreement on the part of the holder of the debt, said contract would not have such effect as to such holder. A. F. Shapleigh Hardware Co. v. Wells, 90 Tex. 110, 37 S. W. 411.

[4] Under appellant's fourth assignment in his brief, he has grouped his twelfth, twenty-eighth, and twenty-ninth assignments in the record; they being as follows: Twelfth assignment: "The court erred in overruling the motion of the defendant Hawkins to strike out the testimony introduced by plaintiff as to the sale by J. H. Barnum to H. H. Hawkins of the restaurant fixtures, because said testimony was irrelevant and immaterial and not supported by the pleadings, and could not be binding on the defendant." Twenty-eighth assignment: "The court erred in permitting the witness J. H. Barnum to testify that at the time he sold the market and fixtures to H. H. Hawkins that he also sold Hawkins the restaurant and fixtures, known as the 'Horse Shoe Restaurant,' in Hereford, and what said restaurant and fixtures were worth, and that the assumption by Hawkins of . the note sued on and the other notes was a part of the

consideration of same, because said testimony was irrelevant and immaterial and not supported by the pleadings." Twenty-ninth assignment: "The court erred in permitting the witness C. T. Dobbins to testify that the 'Horse Shoe Restaurant' was, in his judgment, worth $600, and that he sold a half interest in same to Barnum for $300, because same was irrelevant and immaterial and not supported by the pleadings, and was prejudicial to the defendant Hawkins." Only one proposition is submitted under these assignments, as follows: "It is error to admit any testimony not supported by the pleading in a case, and in this case it was error for the court to admit the testimony of J. H. Barnum and C. T. Dobbins about the Horse Shoe Restaurant, because there was no pleading to support the same." Appellees object to our considering these assignments, on the ground that they are not properly briefed, and we are inclined to the opinion that the objection is well taken, in that said assignments each present a distinct question of law, while but one proposition is submitted. We are of the opinion, however, that no reversible error is shown under these assignments, in that we think, in view of the conflict in the evidence as to what notes Hawkins actually assumed and agreed to pay in his contract with J. H. Barnum, it was proper to inquire into the value and kind of property sold by Barnum to Hawkins as a circumstance showing or tending to show what Hawkins did pay or actually agreed to pay therefor.

[5] Under his fifth assignment in brief, twenty-fourth in the record, appellant complains that the trial court erred in admitting as evidence the note sued on; contention being made that it was at variance with the note described in the pleadings. The pleadings alleged the date of the note, its amount, by whom executed, and that it was payable on its face to H. H. Hawkins and C. P. Arthur, and that, for a valuable consideration, said H. H. Hawkins and C. P. Arthur indorsed and delivered same to plaintiff, while the indorsement on the note was "Hawkins & Arthur." There is evidence in the record showing that H. H. Hawkins sold the note to plaintiff and placed the indorsement thereon. Under the circumstances, we do not think it possible that appellant was misled as to the note being sued on from the description thereof as given in the pleading; and we therefore think the variance between the note offered in evidence and that described in the pleadings is immaterial. McClelland v. Smith, 3 Tex. 210.

[6, 7] Under appellant's sixth assignment in the brief, he has grouped his twenty-fifth and twenty-sixth assignments in the record under a single proposition, as follows: "Any fact or circumstance which tends to illustrate or explain the facts in issue is a part of res gestæ, and is admissible in evidence, and in this case, both Barnum and Hawkins having testified that they went to the bank together to close up the trade, their conversation while there was admissible to show whether or not there was a trade, and was a part of res gestæ." Appellees object to our considering these assignments, contending that they have not been properly briefed; but we have concluded to dispose of them on their merits. Bills of exception, properly approved, are found in the record, showing the exclusion of certain evidence of the witnesses J. H. Barnum and G. A. F. Parker, tending to show that when Hawkins was called on to close up the trade at the bank, which he had made with Barnum, and in which Barnum claims Hawkins agreed to pay the note sued on, Hawkins declared then and there that he had not agreed to pay the note sued on, but had agreed to pay other notes; appellant contending that this was admissible as res gestæ. We have examined the statement of facts on file in this cause, which show to have been agreed to by counsel and approved by the trial judge, and we find therein that both the witnesses Barnum and Arthur testified, in substance, to the declarations of Hawkins, which the bills of exception show were excluded. The record being in this condition, the statement of facts will prevail, and the bills of exception are held to show no reversible error. Sears v. Sears, 45 Tex. 557.

[8] Under appellant's seventh assignment in his brief, twenty-seventh in the record, complaint is made that the trial court excluded the evidence of the witnesses J. H. Barnum, Hency Cloyd, and H. H. Hawkins as to certain declarations made by Hawkins at the butcher shop soon after Hawkins and Barnum had been at the bank; the declarations being substantially the same as those made by Hawkins while at the bank, and covered by the bills of exception considered under the sixth assignment. This evidence all related to certain declarations claimed to have been made by Hawkins after he was called on at the bank to pay the note sued on; claim there being made that he had agreed with Barnum to pay the same. As stated in disposing of the sixth assignment, the statement of facts shows that both Barnum and Parker testified that Hawkins, while at the bank, and when first called on to pay the note, stated that he had not agreed to do so. No testimony is found in the record tending to show that Hawkins did not make this statement, or that he had ever admitted thereafter, or prior thereto, that he had agreed so to do, nor was any issue raised by the evidence tending to question the fact that Hawkins, when called upon to pay the note, declared that he had never agreed to do so; hence the evidence referred to in the seventh assignment was at best cumulative as to a mat-

ter about which no issue had been formed under the evidence, and we therefore think its exclusion could not have injured appellant, even if said evidence were admissible. We think, however, this evidence was not admissible from the fact that the declarations sought to be introduced were made by Hawkins at the butcher shop after the parties had left the bank, and after an issue had been raised as to whether or not Hawkins had agreed, prior thereto, to pay the note. While Hawkins' declarations made at the bank, when, according to the record, he was first called on to pay the note, and was first informed that it was contended that he had agreed to do so, we think were admissible as res gestæ, we do not think, however, that the same rule applies to his statements made thereafter, for the reasons that under the record there could then have been a motive for his making the declarations claimed to have been made by him at the butcher shop, as shown by appellant's seventh assignment in his brief; we therefore think this evidence was properly excluded as self-serving. Ætna Insurance Co. v. Eastman, 95 Tex. 34, 64 S. W. 863.

[9] Under his eighth assignment in his brief, twenty-third in the record, appellant complains that the trial court erred in overruling his motion for a new trial, based on the proposition that the bank had alleged in its pleadings that Hawkins was liable to pay the note sued on, because of a contract of assumption made with J. H. Barnum and C. T. Dobbins, while the evidence introduced showed that such contract, if any, was made with J. H. Barnum alone. The record shows that, in support of the allegations in the pleadings on this issue, proof was introduced to the effect that Hawkins had, for a valuable consideration, agreed with J. H. Barnum to pay off and satisfy the note. The record fails to show any objections to the introduction of this evidence as being at variance with the contract alleged. Had such objections been made during the trial, appellees could have cured the matter by trial amendment. The real issue on the trial was, not with whom Hawkins had made the contract of assumption, but whether or not he made the contract at all by which he became bound to pay the note sued on. The jury by their verdict evidently found he had agreed to pay off and satisfy the note. We think the variance complained of not such as to affect the validity of the verdict and judgment, the record not showing that Hawkins was or could be misled as to the contract on which appellees relied to hold him liable on the note; and we therefore overrule this assignment. McClelland v. Smith, 3 Tex. 210; Krueger v. Klinger, 10 Tex. Civ. App. 576, 30 S. W. 1087.

Finding no reversible error in the record, the judgment of the trial court will, in all things, be affirmed; and it is so ordered.