**GUARANTY STATE BANK v. HIDALGO COUNTY BANK.  (No. 6854.)**

(Court of Civil Appeals of Texas.  San Antonio.  Dec. 20, 1922.)

1. **Corporations** ⊂⇒579(2)—**New corporation may take over liabilities of insolvent corporation and be bound by order of court as to debts.**

A new corporation may be organized for the purpose of taking over the assets of an insolvent corporation, and be bound by an order of the court to pay off the debts of the failing corporation.

2. **Banks and banking** ⊂⇒65—**New corporation, on taking over assets of insolvent bank, is bound by order of court to pay its debts.**

Where the commissioner of insurance and banking has taken charge of assets of insolvent bank, and a new banking corporation is formed, which agrees to pay off and assume the insolvent bank's obligations, and by reason of such agreement the assets are sold to the new corporation, and a report thereof is made to the court and confirmed, the new bank is bound by the order of the court to pay off the debts of the old corporation, under Rev. St. arts. 458, 523.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by the Hidalgo County Bank against the Guaranty State Bank.  Judgment for plaintiff, and defendant appeals.  Affirmed.

Gause & Kirkpatrick, of Mercedes, for appellant.

Bennett & Anderson, of Mercedes, for appellee.

COBBS, J.  This suit was brought by appellee against appellant on a promissory note executed by J. O. Frizzell and payable to First State Bank of Donna, Tex., which note was by said bank indorsed to appellee. Said bank become insolvent, failed, and was placed in the hands of the commissioner of insurance and banking for settlement and liquidation.  M. C. Driscoll and his associates organized the appellant bank, to purchase, buy in, and take over the assets of said bank, and discharge its obligations.

The commissioner of insurance and banking took charge of the bank assets and duly through the Attorney General of the state made its report, and prayed for an order to sell the property of the bank to appellant, who organized under the laws of the state of Texas as a corporation, who agreed to pay off and assume the bank's obligations.  The sale was therefore made to appellant, and a report thereof was duly made to the court, and the sale so made and reported was in all things duly confirmed by the court.

The case was tried before the court without a jury, and judgment was rendered in favor of appellee for the sum of $1,009.95

balance due on the note and judgment against J. O. Frizzell in favor of appellant for any amount which it should pay in satisfaction of the judgment in favor of appellee.  The Guaranty State Bank only appeals from the judgment.

At appellant's request the court made and filed its findings of fact and conclusions of law.  No exceptions were made to them, nor any request for any further or additional findings.  We think the record introduced in evidence supports the findings and the judgment of the court.

All the proceedings covering the transaction were records of the court and introduced by appellee in support of its case, and no testimony whatever was tendered, offered, or introduced, and the record stands on the case made by appellee.  This record shows, among other things, the petition filed by the commissioner of insurance and banking, asking authority to make the sale to appellant.  It shows the report of the commissioner, acting in pursuance of the court's order, contracting to sell and selling to the appellee bank the assets and liabilities of the said insolvent Donna bank; the bank agreeing and assuming to pay all creditors, and assuming to pay all the liabilities, of said bank, of whatsoever kind or character.  Germane to the foregoing, we copy paragraphs 9 and 10 of the court's findings:

"I further find that all the assets of said insolvent bank were transferred to the Guaranty State Bank, and that the Guaranty State Bank did by virtue of said decree assume in express words, or impliedly agree, to pay the debts of the First State Bank, and that later the debts of the First State Bank were in fact paid off by the Guaranty State Bank, except the disputed debt and obligation in controversy.

"I further find that, at the time of said sale, the assets of the First State Bank were equal, and more than equal, to the amount of the debt in controversy, and that the assets of the First State Bank would substantially exceed said debt and obligation."

[1] A new corporation may be organized, as appellant did, for the purpose of taking over the assets of an insolvent corporation, and be bound by the order of the court to pay off the debts of the failing corporation.  10 Cyc. 287.  Such agreements are not affected by the statute of frauds.  They are valid obligations.  Hawkins v. Weston Bank (Tex. Civ. App.) 145 S. W. 722; Spann v. Cochran, 63 Tex. 240.

[2] These proceedings were in direct line of and in perfect harmony with the banking laws of this state.  Articles 458, 523, Rev. St.  We cannot agree with the position of appellant in respect to its liability.  Evidently appellant thought it a good thing to do, a good proposition to work on, when it organized a new banking corporation to take

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

over the failing bank and its assets, thus securing a desirable nucleus with which to begin a new banking business. Be that as it may, it is sufficiently shown, and so found by the court, that appellant entered into a contract to pay the debts of the Donna bank, and of course assumed and agreed to pay off the note sued on. Such was the very purpose of the organization of appellant bank. It acted under the terms of the agreement, and discharged and paid off all the claims against the bank, save the one in question.

The assignments and propositions do not present any reversible error committed on the trial, and the judgment is affirmed.