DEAL *v.* DEAL.

4-8442                                                                     208 S. W. 2d 782

Opinion delivered February 23, 1948.

*A. J. Russell*, for appellant.

*Claude A. Fuller*, for appellee.

*Per Curiam.* The appeal is from a decree granting Samuel Brown Deal a divorce under subdivision seven, § 2, Act 20 of 1939—separation for three years without cohabitation. The only question is one of fact: was the plaintiff a *bona fide* resident of Arkansas. Pope's Digest, § 4386, Act 71 of 1931.

Appellee had lived at Waukegan, Illinois, where he worked in a bank. He came to Little Rock March 20, 1947, but went to Eureka Springs April 6th. The complaint was filed May 22nd—two days beyond the minimum of sixty days required by law. The decree is dated August 5th. Warning order was published and an attorney *ad litem* notified the wife, Effie Florence.

Appellee testified that he went to Eureka Springs for rest, but almost immediately consulted a lawyer. Letters he had written his daughter, Shirley, were identified. The first (May 10—twelve days before complaint was

filed) assured Shirley appellee would return to Waukegan about July 1st, and "if the bank still has a job for me I will take it."

Four days later, in another letter, appellee said; "As I [previously] told you, I will return to Waukegan just as soon as I am through here." In a communication of May 24th there was the statement: "According to my present thought I want to return to the bank, if a job is open. . . . I do not know what steps your mother will take, but I will continue my end down here and hope for a successful conclusion." Subsequently he wrote: "The mission on which I came here will soon be ended, and for good or ill it is my decision, so let the future bring what it may." To appellant he wrote: "You must know by this time that the reason I am down here is to secure a divorce." To this appellee added: "One will be granted as soon as I become a permanent resident of the State."

* * * * *

April 28, 1947, *bona fide* as applied to one claiming to be a resident was construed. *Cassen* v. *Cassen*, 211 Ark. 582, 201 S. W. 2d 585.

* * * * *

June 18th appellee wrote his daughter: " . . . Unfortunately I will be held up longer than I wished, due to certain angles my case is taking. I do want to get back." He later wrote: "I will be here for another month, at least."

* * * * *

Appellee's purpose in coming to Arkansas, and his intent to leave as soon as a divorce could be procured, are quite clear. The appeal is controlled by the Cassen case. See, also, *Swanson* v. *Swanson*, *ante*, p. 439, 206 S. W. 2d 169.

For want of jurisdictional residential requirement the decree is reversed. Cause dismissed.