**LAWYERS SURETY CORPORATION,**
Appellant,

v.

**SAN ANGELO TANK CAR LINE, LTD.,**
Appellee.

No. 16107.

Court of Civil Appeals of Texas.

Dallas.

Feb. 21, 1963.

Strasburger, Price, Kelton, Miller & Martin, Hobert Price, Dallas, for appellant.

Turner, Rodgers, Winn, Scurlock & Terry and Jerry N. Jordan, Dallas, for appellee.

DIXON, Chief Justice.

Lawyers Surety Corporation has filed its application for a writ of error pursuant to Art. 2249a, Vernon's Ann.Civ.St., and Rules 359–363, Texas Rules Civil Procedure.

We have concluded that the application should be granted, the judgment against Plaintiff in Error should be set aside and the cause as to Plaintiff in Error should be reversed and remanded.

The record discloses that on December 29, 1959 Defendant in Error sued Casco Chemical Corporation in Tom Green County on verified account in the amount of $8,867.89, alleged to be due as rentals on tank cars. On the same date an affidavit and a bond were filed for a writ of attachment.

On February 10, 1961 the plea of privilege of Casco Chemical Corporation was sustained and the cause transferred to Dallas County for trial.

On November 1, 1961 judgment was rendered against Casco Chemical Corporation for the sum of $8,867.89 principal and against Lawyers Surety *Company* for the same amount.

The judgment recites that a writ of attachment had issued on December 29, 1959, that the Sheriff of Webb County, Texas, had levied upon 60,000 pounds of soya bean oil of the value of $11,000.00, which property had been replevied by Casco Chemical Corporation by executing a replevy bond in the amount of $11,000 with Plaintiff in Error, Lawyers Surety Company as surety. The judgment was rendered against Plaintiff in Error as surety on the replevy bond.

Plaintiff in Error, in connection with its application for writ of error, requested the District Clerk of Dallas County to include in the Transcript *"everything* on file in your office in this case." It is not contended that the District Clerk failed to include all the documents on file.

However the Transcript does not contain a copy of any writ of attachment, or any copy of a Sheriff's return thereon, or any copy of a replevy bond. There is nothing in the Transcript except the recitations in the judgment to show that Lawyers Surety Corporation had anything to do with the case. And there is nothing in the Statement of Facts to so show.

In an effort to supply these omissions in the record Defendant has attached as exhibits to his brief uncertified copies of several documents, among them being copies of a writ of attachment, a copy of a Sheriff's return showing levy of attachment on properties valued at $5400.00, and a form of a replevy bond in the amount of $11,000 made out in the name of Lawyers Surety Corporation as surety but not signed. There is no showing that a replevy bond was ever filed as required by Rule 606, T.R.C.P.

■ We cannot accept these ex parte exhibits attached to the brief of Defendant in Error in lieu of an official transcript of the documents on file with the District Clerk as required by Rule 376, T.R.C.P.; Texas & New Orleans R. R. Co. v. Hayes, 156 Tex. 148, 293 S.W.2d 484; 3 Tex.Jur.2d 647, 649.

Defendant relies on Olivares v. Garcia, 127 Tex. 112, 91 S.W.2d 1059 wherein it is held that it is not necessary to plead or prove the attachment proceedings, because the court takes judicial notice of attachment proceedings *as part of the record in the case.* Such holding can have no application here, for the alleged proceedings are not part of the record.

■ Even if we were to accept the ex parte copies offered by Defendant in Error in his brief we could not affirm the judgment against Plaintiff in Error. The copy of the Sheriff's return shows that the Sheriff placed a valuation of $5400.00 on the property attached. The judgment recites the value of the property to be $11,000.00. Judgment was rendered against Plaintiff in Error for the full amount of the debt, $8,867.89. There is nothing in the record to support the Court's valuation of $11,000.00. The judgment against the surety on a replevy bond should be for the value of the property up to the amount of the judgment against the principal. Art. 302, V.A.C.S. See also Lowe & Archer, Texas Practice, Sec. 12, page 24 and authorities there cited.

The judgment of the trial court is reversed and the cause as to Lawyers Surety Corporation remanded for further proceedings.