Carmen HOLDER, a widow, Appellant,

v.

Howard L. SCOTT, Appellee.

No. 7670.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 19, 1965.

On Motion for Rehearing Nov. 23, 1965.

Rehearing Denied Nov. 23, 1965.

Wm. V. Brown, Jr., Brown & Brown, Texarkana, for appellant.

C. M. Kennedy, Texarkana, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Howard L. Scott, filed suit in the Fifth Judicial District Court of Bowie County, Texas, against defendant-appellant, Carmen Holder, a widow, in the nature of a partition suit involving about five acres of land. The parties will be referred to as in the trial court.

Plaintiff and defendant were formerly husband and wife. They married in Texarkana, Arkansas, on March 9, 1930, and lived together until October 22, 1932. On April 28, 1931, they acquired the 5 acre tract of land. They lived in Texarkana, Bowie County, Texas. Plaintiff left defendant and went to Garland County, Arkansas, for the express purpose of getting a divorce, where he filed a suit on or about January 24, 1933. A judgment of divorce was granted to plaintiff, on Citation by Publication, on Feb. 28, 1933.

The defendant filed a suit for divorce and a division of the community property against plaintiff in the 102nd Judicial District Court of Bowie County, Texas, on Feb. 28, 1933. Mr. Scott was served with Citation by Publication. Judgment of divorce was granted to Mrs. Scott on March 23, 1933, and the community property was therein partitioned. According to the judgment as entered in the 102nd Judicial District Court of Bowie County, plaintiff was awarded the five acre tract of land that is involved in this suit as her separate property, free from any rights or claims. The judgment also awarded to Mr. Scott a $2,000.00 diamond ring, a $1400.00 automobile, and a radio of the value of $100.00.

It appears that the plaintiff, in the year 1934, filed a suit in the Fifth Judicial District Court of Bowie County, Texas, to set aside the judgment of divorce and partition of the community property that was entered by the 102nd Judicial District Court of Bowie County, Texas. The attorney who represented the plaintiff in that proceedings made the statement in a letter dated July 23, 1934, that the judgment " * * * can be set aside by a proceedings brought in the same court in which it was rendered." Yet, he filed the suit in the Fifth Judicial District Court of Bowie County, Texas, and cited Mrs. Carmen Scott Holder by Citation by Publication.

It seems that Mr. Scott was not a resident of Bowie County, Texas, at any time *after* his separation from the defendant, but the record shows that he paid taxes on the property that is involved in this suit. The defendant also paid the taxes.

The plaintiff alleged that he and the defendant were the joint owners of the five acre tract of land that was described in his petition, and that each party was entitled to one-half of the same. Plaintiff alleged the value of the property to be $6,000.00. Defendant denied the allegation and alleged that she was the sole owner of said land.

Plaintiff demanded an abstract of title from the defendant which was furnished, showing that she claimed title to the prop-

erty under the judgment of the 102nd Judicial District Court of Bowie County, Texas. The defendant demanded an abstract of title and the plaintiff furnished one, showing that he claimed title to the property under the divorce decree of the Chancery Court of Garland County, Arkansas; and, under a divorce decree in the 102nd Judicial District Court of Bowie County, Texas, and a judgment of the Fifth Judicial District Court of Bowie County, Texas, setting aside the divorce decree of the 102nd Judicial District Court of Bowie County, Texas. After all the evidence was in, defendant filed a motion for judgment in her favor. The court overruled defendant's motion and she excepted. The court entered a judgment for the plaintiff. Defendant excepted and gave notice of appeal. She brings forward four points of error.

By her points, defendant says the trial court erred in not granting her motion for judgment; there is no evidence upon which the trial court could find for the plaintiff; in holding the Arkansas Judgment a valid judgment; and in holding that the 102nd Judicial District Court of Bowie County, Texas, was without jurisdiction and could not grant defendant a divorce and partition the community property; and, in holding that the judgment of the Fifth Judicial District Court of Bowie County, Texas, had jurisdiction to set aside and nullify the judgment rendered by the 102nd Judicial District Court of Bowie County, Texas.

■ In a partition suit, a plaintiff must plead and prove title to the tract of land involved. There is no stipulation or proof of a common source of title, but it was stipulated that the land described in plaintiff's original petition is the land that is involved in the controversy. The plaintiff, anticipating that the defendant would offer in evidence the judgment of the 102nd Judicial District Court of Bowie County, Texas, offered in evidence a divorce judgment that was rendered by the Chancery Court of Garland County, Arkansas. This judgment was offered for the purpose of

attempting to show that the plaintiff still owned an undivided interest in and to the title to the land that he was seeking to partition. There was no objections to the judgment, but the defendant took the position that the judgment was void because it was acquired through fraud. Defendant then offered in evidence a judgment of divorce and partition of the community property of the 102nd Judicial District Court of Bowie County, Texas. The plaintiff offered in evidence a judgment of the Fifth Judicial District Court of Bowie County, Texas, which judgment purportedly set aside the judgment of the 102nd Judicial District Court of Bowie County, Texas.

The plaintiff testified in the case that his wife asked him for a divorce. He then testified that they had an agreement that he would go to Arkansas and establish residence for a divorce and they would "split the sale of that property if and when it sold". The plaintiff also testified as follows:

"Q. You didn't let Mrs. Holder know where you were at that time did you?

"A. No.

\* \* \* \* \* \*

"Q. I believe you said on cross examination to Mr. Brown that the reason you went to Hot Springs to file this divorce suit was at the request of your wife.

"A. We had discussed it together and had agreed on it.

\* \* \* \* \* \*

"Q. Did you have any agreement about the property you owned?

"A. Yes.

"Q. An oral agreement?

"A. On community property.

"Q. What agreement did you have with her—oral agreement?

"A. That I would go up and establish for divorce. After she asked me

for divorce, I said I would go up and establish for divorce, and we would split the sale of that property if and when it sold. * * *"

Yet, in the face of this testimony, defendant filed a suit for divorce and a division of the community property in the 102nd Judicial District Court of Bowie County, Texas. Bearing in mind that the judgment of divorce and partition of the community property was granted in the 102nd Judicial District Court of Bowie County, Texas, on March 23, 1933, the defendant testified that he knew about the suit within two years. He testified as follows:

"Q. You knew Mrs. Scott brought this suit in the 102nd District Court, did you not?

"A. I knew it previous to 1934."

\* \* \* \* \* \*

"Q. You learned about this in less than two years after the divorce was granted, did you not? The divorce was granted on the 27th day of March, 1933, and you learned of it prior to July, 1934, did you not?

"A. That's right."

The plaintiff offered in evidence a letter written to him by an attorney. The letter, dated July 23, 1934, in which the lawyer advised the plaintiff that he would have to take proceedings in the *same court* in which the judgment was rendered. This seems to be the law. The 102nd Judicial District Court of Bowie County, Texas, had jurisdiction of the parties and the property. If the plaintiff had wanted to take any action to set the judgment aside, he could have filed motion for new trial in the same court in which the judgment was rendered within two years. Citation being by Publication. Such was the law as provided by Art. 2236, Vernon's Ann.Civ. St., now Rule 329, Vernon's Texas Rules of Civil Procedure; 34 T.J.2d 25, Sec. 191. The judgment in Cause No. 2003 styled

"H. L. Scott v. Mrs. Carmen Holder, et al" in the Fifth Judicial District Court of Bowie County, Texas, is a nullity and was void from the date of entry. A suit, in such a case, to set aside a judgment must be filed in the same court in which the judgment was rendered. If the judgment of the 102nd Judicial District Court of Bowie County, Texas, was voidable, the judgment has become final and could only be set aside by bill of review in the same court in which the judgment was rendered. 33 T.J.2d 694, Sec. 164; 33 T.J.2d 686, Sec. 157; 33 T.J.2d 687, Sec. 158.

The plaintiff takes the position that we must give full faith and credit to the judgment of the Chancery Court of Garland County, Arkansas. He cites in support thereof Williams et al. v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L. Ed. 279, 143 A.L.R. 1273. In that case, the conviction of O. B. Williams and Lillie Shaver Hendrix for bigamous cohabitation was reversed and remanded. Apparently the case was tried again and resulted in another appeal to the U.S. Supreme Court. In that case, a conviction for bigamous cohabitation was affirmed. Williams et al. v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed 1577, 157 A.L.R. 1366. In the last case the Court said:

"Under our system of law, judicial power to grant a divorce—jurisdiction, strictly speaking—is founded on domicil."

In Dyer v. Johnson, CCA (1929), 19 S.W. 2d 421, wr. dism., the court said:

"We think that the Texas authorities hold that a judgment entered by a sister state, sued on in this state may be set aside for fraud in the obtaining of the judgment."

The judgment of the Chancery Court of Garland County, Arkansas, was acquired through a fraud that was perpetrated upon the court.

The plaintiff did not plead the judgment of the Chancery Court of Garland County, Arkansas; neither did he plead res adjudicata or estoppel. Neither did he plead the laws of the State of Arkansas or offer them in evidence. In the absence of such pleading and proof of the laws of a sister state, the laws of that state are presumed to be the same as the laws of Texas. Blethen v. Bonner, Tex.Civ.App., 52 S.W. 571, aff'd. 93 Tex. 141, 53 S.W. 1016; Clardy v. Wilson, 24 Tex.Civ.App. 196, 58 S.W. 52; James v. James, 81 Tex. 373, 16 S.W. 1087; Tempel v. Dodge, 89 Tex. 69, 32 S.W. 514, 33 S.W. 222; Armendiaz v. De La Serna, 40 Tex. 291; Bradshaw v. Mayfield, 18 Tex. 21. If such is the case, the plaintiff was not a resident of the State of Arkansas for one full year prior to filing the suit and of the County of Garland for six months prior thereto. Such is the requirement as provided by Art. 4631 V.T.C.S.

If such is not the law, and we are required to examine the laws of the State of Arkansas, it is necessary also to examine the Statement of Facts. According to the laws of Arkansas in 1933, a person must have established a bona fide residence for a period of at least 30 days prior to filing the suit. According to such law, the person must remain there at least 90 days before the decree of divorce can be granted. This is necessary to give the Arkansas court jurisdiction over the plaintiff. The plaintiff testified that he went to Arkansas for the express purpose of getting a divorce. That he had not been in Arkansas for two weeks prior to the time he filed his suit. The suit was filed on January 24, 1933. The divorce was granted on February 28, 1933. This is less than two months. He further testified that he left Arkansas immediately after the divorce was granted. If such was the case, the judgment of divorce as granted in the State of Arkansas is a nullity and is void. Deal v. Deal (1948), 212 Ark. 958, 208 S.W.2d 782; Gilmore v. Gilmore (1942), 204 Ark. 643, 164 S.W.2d 446; Cassen v. Cassen (1947), 211 Ark. 582, 201 S.W. 2d 585. The points are sustained.

The judgment of the trial court is reversed and judgment is here rendered that the appellee take nothing.

## ON MOTION FOR REHEARING

The appellee has filed a motion for rehearing. He takes the position that it was stipulated in the trial court that the divorce decree that was entered in Arkansas was a valid decree of divorce between the parties. Appellee attached a certificate by the trial judge to his brief in support of the motion for re-hearing. We will note that the statement of facts as filed in the case contains a certificate of the court reporter, an approval of both the attorneys, and a certificate by the district judge. This court is without jurisdiction to go behind the statement of facts. Gist v. Holt (1943 CCA), 173 S.W.2d 216, W.R., W.M.; Johnson v. Brown (1948 CCA), 218 S.W.2d 317, E.R., N.R.E.; Hawkins v. Western National Bank of Hereford (1912 CCA), 145 S.W. 722, Er. Dism'd; Lawyers Surety Corporation v. San Angelo Tank Car Line, Ltd. (1963 CCA), 365 S.W.2d 212, N.W.H.; 3 T.J.2d 647, Sec. 393.

Appellant took the position in the trial court that the judgment of divorce which was entered by the Arkansas court was void. After the judgment was offered in evidence, appellant, in effect, made a collateral attack upon the same and proved that the judgment was acquired through an act of fraud on the Arkansas Court. Appellant is not bound by the void judgment of the State of Arkansas. 34 T.J.2d 393, Sec. 373.

Much has been written on void judgment. A void judgment is just no judgment at all. It is a nullity and has no force or effect whatever. It is not necessary to take any steps to have a void judgment reversed, vacated or set aside. It may be impeached in any action direct or collateral. 2 Speer's Marital Rights in Texas, Fourth Edition, 580, Sec. 755; 34 T.J.2d 94, Sec. 227; 34 T.J.2d 177, Sec. 262; 49

C.J.S. Judgments § 434, p. 859; 30A Am. J. 197, Sec. 45. A void judgment cannot be cured by subsequent proceeding. 30A Am. J. 199, Sec. 46.

A careful consideration has been given the Motion for Re-hearing, and the same is respectfully overruled.