**SAN ANGELO TANK CAR LINE, LTD.,**
Appellant,

v.

**LAWYERS SURETY CORPORATION,**
Appellee.

No. 7726.

Court of Civil Appeals of Texas.

Texarkana.

June 14, 1966.

Rehearing Denied Aug. 9, 1966.

Jerry N. Jordan, Turner, Rodgers, Winn, Scurlock & Terry, Dallas, for appellant.

Robert H. Thomas, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

DAVIS, Justice.

Plaintiff-appellant, San Angelo Tank Car Line, Ltd., sued Casco Chemical Corporation in the District Court of Tom Green County, Texas, on a verified account. Appellant also secured the issuance of a Writ of Attachment. The Sheriff of Webb County, Texas levied upon 60,000 lbs. of soya bean oil which he valued at $5400.00. Defendant-appellee is alleged to have executed a Replevy Bond in the sum of $11,000.00. A plea of privilege was filed and the case was transferred to the District Court of Dallas County, Texas. Appellant took a judgment against Casco Chemical Corporation and the alleged surety on the replevy bond. Appellee appealed by Writ of Error, and the judgment as to the appellee was reversed and the cause remanded as to the appellee. Lawyers Surety Corp. v. San Angelo Tank Car Line, Ltd. (1963), Tex.Civ.App., 365 S.W.2d 212, W.R. N.R.E. The judgment against Casco Chemical Corporation is final.

In a re-trial of the case against appellee, judgment was rendered that appellant take nothing. Appellant has perfected its appeal and brings forward six (6) points of error.

By its points, appellant says the trial court erred in rendering judgment for appellee, because, (1) appellant had recovered judgment against the principal, Casco Chemical Corporation, (2) when the replevy bond had been executed and delivered in such a manner as to constitute a common law bond for the benefit of appellant, (3) appellant was a third party beneficiary of a contract whereby appellee was paid for being surety on such replevy bond and used the same to secure the release of attached property, (4) appellee had executed and delivered the replevy bond to take the place of attached

property and the attached property had been released even though the sheriff had not received physical delivery of the bond, (5) the testimony of the sheriff is clear and uncontradicted that he released the attached property after being notified by appellee that the bond had been executed, was in his city and was going to be given him, and was bound by its terms, and (6) because appellant was an innocent party with clean hands, recovered a judgment against Casco Chemical Corporation and Casco Chemical Corporation had secured the release of the property by the use of the replevy bond and failed to deliver the replevy bond, although constructive delivery had been accomplished.

There is pleading, but no proof, that the principal, Casco Chemical Corporation, executed the replevy bond. There is no proof of the delivery of the replevy bond, nor any legal proof of the release of the property. The writ of attachment was issued on the 29th day of December, 1959, by the District Clerk of Tom Green County, and was on the same day delivered to the sheriff of Webb County. The sheriff of Webb County on the 29th day of December, 1959, according to the writ of attachment, levied on 60,000 lbs. of soya bean oil. The writ of attachment was not returned by the sheriff to the District Clerk of Tom Green County at or before 10:00 o'clock, a. m. of the Monday next after the expiration of fifteen days from the date of *issuance* of the writ. Rule 606 Vernon's Ann. Tex. Rules of Civil Procedure. As a matter of fact, the writ of attachment has never been returned by the sheriff of Webb County to the District Clerk of Tom Green County. The writ of attachment was filed with the District Clerk of Dallas County on July 27, 1962, more than two and a half years after the date of issue. There is no written report by the sheriff that the property levied on had been claimed, replevied or sold, or otherwise disposed of as required by Rule 607, V. A. T. R. C. P. The evidence shows that when the attorney approached the sheriff for the purpose of delivering the replevy bond, the sheriff advised the attorney that the property had already been released. The replevy bond was returned to Dallas. The sheriff testified that he has never seen the replevy bond, that he released the property, but there is no evidence of a written report, and the sheriff further testified that "I goofed".

 It is absolutely necessary that a replevy bond must be delivered and accepted to make it valid. 12 Am.Jur. 2nd, 487, Sec. 15. The delivery of the bond depends upon the intent of the principal or obligor to perfect the instrument and to make it at once the absolute property of the obligee. 12 Am.Jur. 2nd 488, Sec. 16; 11 C.J.S. Bonds § 21, p. 406. The points of error are overruled.

The judgment of the trial court is affirmed.