Texas & Pacific Railway Company et al. v. John Murtishaw.

Decided February 10, 1904.

**1.—Railways—Connecting Lines—Venue.**

Section 1, chapter 25, page 214, Acts of Twenty-sixth Legislature, providing for venue of suit for damages to property shipped over lines of two or more railways within the State, authorizes such suit to be brought against one or all in any county into which either extends, and applies to an action for injury to live stock where the shipper accompanied the shipment.

**2.—Same—Interstate Commerce.**

The act regulating venue in suits against connecting lines of railway in this State (26th Leg., chap. 25, sec. 1, p. 214) applies where the shipment extends over lines beyond the State, and is not, in so doing, an unlawful regulation of interstate commerce by the State.

**3.—Evidence—Depositions—Objections to Manner and Form of Taking.**

It would seem that an objection to the introduction of a deposition for want of service of notice of interrogatories on the party objecting goes to the manner and form of taking, and can not be urged for the first time when they are offered in evidence on the trial.

**4.—Evidence—Deposition—Notice—Waiver—Bill of Exceptions.**

Where a bill of exceptions to the admission of a deposition over objections for want of notice of the interrogatories is so qualified as to indicate that notice may have been waived, the bill of exceptions should negative the fact of such waiver, to make the point available on appeal.

**5.—Evidence—Harmless Error.**

Improper admission of evidence is harmless error where the same facts were established by another witness whose testimony was admitted without objection.

**6.—Charge.**

An instruction is to be considered in connection with other portions of the charge, and is not erroneous when, so considered, the effect is to convey a proper statement of the law.

**7.—Charge—Railways—Connecting Lines.**

The jury having been instructed that each of several connecting lines of railway was "responsible for the damages occurring on its own line of road only," and was to be held only for the damages "sustained by plaintiff to such shipment while in the possession of such defendant," a requested charge that one road was not liable for damages sustained on another "which only became apparent or developed" after the property was received from the latter, though correct, might properly be refused.

**8.—Connecting Carriers—Pleading—Evidence.**

An intermediate one of several connecting carriers sued for damages to live stock in transit could bring out, in cross-examination of plaintiff, that some of the injuries were caused by projecting nails in the car in which it received the shipment from its connecting line, so as to avoid liability therefor on its own part, though such connecting company objected to the evidence because not warranted by the allegations of plaintiff's petition.

**9.—Damage to Live Stock—Results After Arrival.**

Evidence that mares transported by rail lost their foals after arrival at their destination was admissible as bearing on the extent of the injury received in their transportation.

**10.—Damages—Interest.**

Interest on damages to live stock in shipment from the date of the injury, may be recovered, where claimed in the pleadings, as an element of damages.

Appeal from the County Court of Tom Green. Tried below before Hon. Milton Mays.

*T. J. Freeman, Hall, Flippen & McCormick, J. W. Terry,* and *Ballinger Mills,* for appellants.

*Hill & Lee,* for appellee.

STREETMAN, Associate Justice.—Appellee recovered judgment against the Gulf, Colorado & Santa Fe Railway Company and the Texas & Pacific Railway Company for injuries sustained by a shipment of horses and mules, from which said railway companies have appealed.

The shipment traveled from San Angelo, Texas, to Temple, Texas, and from Temple, Texas, to Dallas, Texas, over the Gulf, Colorado & Santa Fe Railway; from Dallas, Texas, to Shreveport over the Texas & Pacific Railway, and from Shreveport to Vicksburg, Miss., over the Vicksburg, Shreveport & Pacific Railway. Appellee sued the first two railway companies for damages on account of rough handling, delay, and failure to properly feed and water said stock.

The Texas & Pacific Railway Company made the Vicksburg, Shreveport & Pacific Railway Company a party defendant, seeking judgment over against them for such damages as might be shown to have occurred on said line. Upon the trial, all parties agreed that the shipment was properly handled by said railroad company, and that no damages were sustained on that line. Plaintiff alleged that the two railroads sued by him were jointly interested in the shipment, and that each acted as the agent for the other, etc.

Said two railroads each filed answers, denying partnership, agency, and any sort of joint liability; and the Texas & Pacific Railway Company alleged that its domicile was in Dallas County, Texas, and not in Tom Green County, and plead its privilege to be sued in Dallas County, Texas. This plea of privilege was overruled by the court, and the first assignment of error of the Texas & Pacific Railway Company complains of this ruling.

Section 1 of chapter 125, General Laws of the Twenty-sixth Legislature, page 214, provides: "That whenever any freight, baggage or other property has been transported over two or more railroads operating any part of their roads in this State, and having an agent in this State, or operated by any assignee, trustee or receiver of any such railways, suit for loss or damage thereto, or other cause of action connected therewith, or arising out of such transportation or contract in relation thereto, may be brought against any one or all of such railroad corporations, assignees, trustees, or receiver operating any of such railways in any county in which either of such railroads extend or is operated."

Said Texas & Pacific Railway Company insists that this act does not apply to a case of this character. We are of the opinion, however, that the statute was enacted to meet just such a case as is presented by the pleadings and evidence in this record. As said by Judge Gaines in the case of Texas & Pacific Railway Co. v. Lynch, 7 Texas Ct. Rep., 806: "Before the passage of the act, it was a matter of not infrequent occurrence that live stock which had been shipped over two or more lines of road, under separate and independent contracts, arrived at their destination in a damaged condition, and the shipper was at a loss to know how much of the damage was attributable to the one line and how much to the other or others, in case there were more than two. The evident

purpose of the act was to relieve shippers of this difficulty, and to provide a joint action against all the carriers, where there was a reasonable probability that each was responsible for some part of the whole damage."

This case comes clearly within the letter of the act, and within the spirit, as construed by the Supreme Court in the case cited. It is true that the shipper in this case accompanied the shipment, and yet it was impossible for him to determine in advance the exact amount of damage for which each company would be liable under the facts when fully developed.

It is also insisted that the statute quoted is not applicable to an interstate shipment. It does not attempt to regulate interstate commerce, but simply affords a remedy for the recovery of damages which have been sustained under a contract of that character; and is, for that reason, applicable as well to an interstate shipment as to one wholly within the State. Armstrong v. Railway Co., 46 S. W. Rep., 33.

The second, third, fourth and sixth assignments of error of the Texas & Pacific Railway Company complain of the admission of the depositions of C. L. McManus and J. W. Coutret, introduced by the Gulf, Colorado & Santa Fe Railway Company. These witnesses testified to the contents of a receipt given to the Gulf, Colorado & Santa Fe Company by the Texas & Pacific Company at Dallas, Texas, showing said animals to be in good condition when received by the latter company at Dallas. The second and third assignments complain of the admission of this testimony, because no notice of the interrogatories to said witnesses was served upon said Texas & Pacific Railway Company.

The objection to the depositions appears to have been made in the trial of the case, and it is probable that the objections relate to the manner and form of taking the depositions, and should have been raised by motion to strike them out. But whether this is true or not, the qualification of the bill of exception by the court shows that it is possible that notice of the interrogatories may have been waived by the Texas & Pacific Company. In order to make the objection available, the bill of exceptions should have negatived the fact that notice had been waived by said company.

The fourth and sixth assignments of error complain of the admission of said testimony, because said witnesses did not have personal knowledge of the matters about which they testified, but only testified from records that they did not make, and that they simply had in their custody, and did not state that they made the entry from which they testified, or that they knew it to be correct. This seems to be true with reference to the witness McManus. The witness Coutret, however, testifies that it was his duty to keep these records, and that they were in his custody. However, if the testimony would not be admissible for this reason, the error was harmless, for the reason that another witness, L. C. Sharp, introduced by the defendant Texas & Pacific Railway Company, testified without objection, that he was yardmaster of the Dallas

34 Civ.—29

Union Stockyards, and as such handled the shipment in question; that he made a personal inspection of the stock, both in and out of the car, and found none of them injured or damaged. These were the only facts sought to be shown by the testimony of the witnesses McManus and Coutret, and as they were shown without objection by the witness Sharp, any error that may have been committed by the admission of said depositions was thus eliminated.

The eighth assignment of error of the Texas & Pacific Railway Company, complains of the court's charge upon the measure of damages, because it does not confine the damages to such as arose by reason of the negligence of the defendant. This portion of the charge, when taken in connection with that preceding it, shows that the jury were only authorized to find for plaintiffs such damages as arose from the negligence of the defendants.

The Texas & Pacific Railway Company requested two special instructions, to the effect that if said stock sustained damages on another road which only became apparent or developed while the same were in the hands of said Texas & Pacific Railway Company, that said company would not be liable for such damages. The principle of law stated in these charges is correct. Railway Co. v. Daggett, 87 Texas, 322. The court, however, gave the following charges: "You are further charged that each of the other defendants is responsible for the damages occurring on its own line of road only. You are therefore instructed that you are not authorized to return a verdict against either one of the defendants without you find from the evidence that damages occurred on its line."

The jury were also instructed that they would "assess only such damages against each defendant as the evidence shows was sustained by plaintiff to said shipment while in the possession of such defendant."

We do not believe, in view of the charges given by the court, that it was necessary to give the special instructions requested.

The eleventh assignment of error of said Texas & Pacific Railway Company complains of the verdict on account of the evidence. In our opinion the evidence justified the finding of the jury.

The first assignment of the Gulf, Colorado & Santa Fe Railway Company complains because the plaintiff was permitted to testify that there were some nails on the inside of the car in which the horses were shipped from San Angelo to Dallas, which would scratch and bruise the horses, and injure them; and that there was a slat loose near the bottom of the car, which caused the horses' legs to get through between the loose slats, and to be skinned and bruised and crippled.

The complaint is that there is no allegation in the plaintiff's pleadings which would entitle him to recover for this character of damage. This evidence, however, was developed upon the cross-examination of the plaintiff by the Texas & Pacific Railway Company. While it might not have been admissible, if it had come from the plaintiff, yet we think in this character of suit it was clearly admissible for the Texas & Pa-

cific Railway Company to show how the injuries inflicted upon the animals were caused, so as to avoid liability on its own part, whether such character of injuries were alleged by the plaintiff or not.

Complaint is also made by this appellant of the testimony of appellee that some of the mares were caused to lose their foals after they reached Vicksburg, Miss. We think this evidence was admissible to show the extent of the injuries received by the animals, and it was limited to this purpose by a special charge given by the court.

The third, fourth, fifth and sixth assignments of the Gulf, Colorado & Santa Fe Railway Company complain of the court's charge upon the measure of damages, and of the refusal of certain special instructions requested by said defendant.

We do not deem it necessary to discuss these assignments separately. The charge of the court upon the measure of damages was, in our opinion, correct. The case was treated, both by plaintiff and the defendants, as one of interstate shipment, originating at San Angelo, Texas, and ending at Vicksburg, Miss.; and the measure of damages as to the injured stock was the difference in value at their destination between the condition in which they arrived and that in which they should have arrived; and we think that the court's charge was sufficiently full as to all of the matters embraced within the special instructions requested.

The seventh assignment of error complains of that part of the verdict and judgment which allows interest upon the damages from the date when they occurred. The pleadings asked for interest and the verdict awarded interest from the date of the injuries at 6 per cent. In this there was no error. Fort Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 104.

There being no error in the judgment, it is affirmed.

*Affirmed.*