WILLIAMS v. KUYKENDALL.

(Court of Civil Appeals of Texas. March 29, 1911. On Motion for Rehearing, May 10, 1911.)

1. TRESPASS TO TRY TITLE (§ 6*)—TITLE OF PLAINTIFF—BURDEN OF PROVING TITLE.

In trespass to try title, plaintiff must show title from the sovereignty of the soil.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 5; Dec. Dig. § 6.*]

2. APPEAL AND ERROR (§ 664*)—STATEMENTS OF FACTS—CONCLUSIVENESS.

A statement of facts made and certified by the trial court after the parties have failed to agree upon one is conclusive as to what was or was not put in evidence, and, where it shows no stipulation by the parties, such stipulation, though it appear in the record, is of no effect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2858; Dec. Dig. § 664.*]

On Motion for Rehearing.

3. APPEAL AND ERROR (§ 79*)—DETERMINATION OF ALL ISSUES—ABANDONMENT OF ISSUE.

In trespass to try title, where defendant impleaded his warrantor, who set up a cross-action for an amount alleged to be owing on the land, a judgment, which failed to dispose of the cross-action of the warrantor, who offered no evidence, and who did not ask to have his action submitted to the jury and made no motion for a new trial, or in any way objected to the failure to dispose of his action, is a final judgment as to the other parties, for the warrantor is presumed to have abandoned his cross-action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. § 79.*]

Appeal from District Court, Hays County; L. W. Moore, Judge.

Action by H. G. Williams against W. M. Kuykendall. From a judgment for defendant, plaintiff appeals. Affirmed.

R. E. McKie, for appellant. O. T. Brown and Gaines & Corbett, for appellee.

JENKINS, J. Appellant brought suit in the ordinary form of trespass to try title, to recover of appellee 174½ acres of the Jesse Williams survey. Appellee pleaded not guilty, the statute of limitations, and impleaded his warrantor, M. W. Rogers. There was a trial before a jury which resulted in

a verdict and judgment for the defendants.

[1] Appellee insists that the judgment herein should be affirmed without reference to the assignments of error filed by appellant, for the reason that appellant showed no title to the land in controversy. In this we concur. Appellant being plaintiff, it was incumbent upon him to show title from the sovereignty of the soil. He showed no title of any character except a deed from parties who are not shown to have any title.

[2] There is in the record what purports to be a copy of an agreement, in words and figures as follows: "No. 2,060. District Court of Hays County, Texas. H. G. Williams v. W. M. Kuykendall. We the undersigned parties to the above entitled and numbered cause hereby agree: That the title to the Jesse Williams survey in Hays county is in the plaintiff, and it will not be necessary in the trial of said cause for him to deraign title thereto. It is, however, expressly agreed that said title is in plaintiff, unless the defendants have acquired title thereto by reason of the statute of limitations as against said plaintiff. [Signed] C. Price Rogers, Atty. for Deft. M. W. Rogers. O. T. Brown, Atty. for Deft. W. M. Kuykendall. Filed Sept. 25, 1908. J. S. Davis, D. C. H. Co., Texas."

This suit was tried at the March term, 1910, of the district court of Hays county. The parties having failed to agree upon a statement of facts, the district judge made out and certified to a statement of facts as in such case provided by law. Neither the above agreement, nor any other agreement as to title, appears in said statement of facts. The alleged agreement should not have been copied in the record, and its being there does not authorize us, when objection is made, to consider the same. The statement of facts is the only thing that we can look to in determining what facts were proven or agreed to. Such agreement, having been filed with the papers in the cause, would not have aided appellant if he had not read the same on the trial of this cause. The agreement not appearing in the statement of facts is conclusive, so far as this court is concerned, of the fact that it was not read in evidence. There is no bill of exception showing that it was offered in evidence.

For the reasons above set out, the motion of appellee to strike said alleged agreement from the record is sustained, and the judgment of the trial court is affirmed.

## On Motion for Rehearing.

We overrule appellant's motion for a certiorari, requiring the clerk to send up the original stenographer's notes in order to show that an agreement as to title was introduced in evidence, and also his request to dismiss this appeal for want of a statement of facts. The trial judge filed a statement of facts, and the same is conclusive on this court.

[3] We also overrule appellant's request to dismiss this appeal for want of final judgment. The ground of said contention is that the judgment does not dispose of the defendant Rogers' cross-action against his codefendant Kuykendall, to recover the amount alleged to be owing him for the land in controversy. Defendant Rogers did not introduce any evidence, so far as the record shows, in support of his said cross-action. The same was not submitted to the jury. He did not ask to have it submitted. He made no motion for a new trial, did not appeal, and is not complaining of the judgment rendered. Under such circumstances, he must be deemed to have abandoned his cross-action, and the judgment must be held to have disposed of all of the issues before the court. Schulz v. Tessman, 92 Tex. 490, 49 S. W. 1032; Railway Co. v. Perkins, 44 S. W. 548; Railway Co. v. Hooks, 30 Tex. Civ. App. 325, 70 S. W. 233; Bledsoe v. Railway Co., 6 Tex. Civ. App. 280, 25 S. W. 314; Railway Co. v. Schlather, 78 S. W. 953; Sorrell v. Stone, 127 S. W. 301.

Motion overruled.