### HALIFAX FIRE INS. CO. OF HALIFAX, NOVA SCOTIA, CANADA, v. COLUMBIAN NAT. FIRE UNDERWRITERS' AGENCY OF CLEVELAND, OHIO.

#### No. 9870.

Court of Civil Appeals of Texas. Galveston.

July 13, 1933.

Rehearing Denied Sept. 20, 1933.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error.

Bryan & Bryan, of Houston, for defendant in error.

LANE, Justice.

This suit was brought by Columbian National Fire Underwriters' Agency of Cleveland, Ohio, hereinafter for convenience referred to as the fire insurance company and as appellee, against Halifax Fire Insurance Company of Halifax, Nova Scotia, Canada, hereinafter for convenience referred to as the explosion company and as appellant.

The fire insurance company alleged that on the 20th day of December, 1930, it issued to J. E. Buckley, of Houston, a $7,000 fire insurance policy on a dwelling situated at 4020 Mount Vernon street in the city of Houston, and one for $250 on a garage, both for the term of three years. Copies of the policies issued by the plaintiff fire insurance company were attached to the plaintiff's petition and made a part thereof. It contained a provision that the company should not be liable for loss caused directly or indirectly by explosion of any kind. The plaintiff further alleged that on or about the 20th day of December, 1930, the defendant the explosion company issued to J. E. Buckley an explosion policy No. 106 in the same amounts, on the same property, for the same term as the plaintiff's fire policy; that the property and interest of Buckley in the premises was the same; that on December 31, 1930, Buckley reported that the house had been destroyed by fire; that this destruction occurred while both policies were in force; that after plaintiff received the loss notice from Buckley, it adjusted the loss with him for $6,600 on January 27, 1931, and paid him that sum, believing that he had sustained a loss by fire to that amount; that there was an explosion in the house insured and that the loss incurred by Buckley was caused by said explosion and not entirely by fire; that as a result of the explosion the fire which destroyed the house was started; that there was no fire in the house prior to the explosion, and that the explosion caused the fire; that the damage caused by the explosion was $5,000.

That the plaintiff did not know about the explosion until the 9th of March, 1931, whereupon it demanded of the defendant a contribution on the loss and the defendant refused to pay anything; that it is entitled to recover from the defendant $5,000 as a proportionate share of the amount paid Buckley; that plaintiff paid Buckley $6,600, representing a total loss to the property, and after making that payment and on the 9th of March, 1931, notified the defendant that an explosion had preceded the fire and demanded that the defendant pay a proportionate part of the loss. That the defendant became liable to pay to Buckley an amount equal to the damage sustained by explosion, and the defendant has refused to pay the plaintiff any money and denied liability. That on September 1, 1931, plaintiff received from Buckley a subrogation assignment under which plaintiff became the assignee of and subrogated to the rights of Buckley against the defendant under the explosion contract. Plaintiff pleaded the verbiage of that subrogation or assignment agreement and alleged that Buckley had performed all the conditions of the contract, and that as a result of this subrogation agreement the plaintiff became subrogated to Buckley's rights and is entitled to recover from the defendant under the explosion policy the sum of $5,000 with 6 per cent. interest from March 9, 1931. Plaintiff prayed for judgment for $5,000 and interest.

On the 30th day of November, 1931, the court rendered and caused to be entered of record its judgment, reading as follows:

"On this, the 30th day of November, A. D. 1931, came on to be heard the above entitled and numbered cause, wherein the Columbian National Fire Underwriters Agency of Cleveland, Ohio, is plaintiff, and the Halifax Fire Insurance Company of Halifax, Nova Scotia, is defendant, at which time plaintiff, by its attorneys appeared before the court and furnished the court all the necessary proof, and the court finding that defendant, though duly served with process, on the 2nd day of November, A. D. 1931, requiring it to appear and answer herein by the 23rd day of November,

A. D. 1931, further finds that defendant herein failed to appear and answer the citation in the above numbered and styled cause on the 23rd day of November, A. D. 1931, or any time thereafter, but wholly made default, and failed to appear and answer herein in its behalf.

"Wherefore, the Columbian National Fire Underwriters Agency of Cleveland, Ohio, plaintiff, by virtue thereof, should, and ought to recover against the said Halifax Fire Insurance Company of Halifax, Nova Scotia, Canada, defendant herein, its claim by virtue and occasion of the premises, and it being found to the satisfaction of the court that the amount of the principal claim of the Columbian National Fire Underwriters Agency o' Cleveland Ohio, is Five Thousand and No/100 ($5,000.00) Dollars, with interest thereon at the rate of six per cent. (6%) per annum from the 9th day of March, A. D. 1931, it is therefore ordered, adjudged and decreed that the plaintiff herein do have and recover of the defendant hereinabove named, the sum of Five Thousand and No/100 ($5,000.00) Dollars, with interest thereon at the rate of 6% per annum from the 9th day of March, A. D. 1931, until paid, and further, that the plaintiff do have and recover all costs in its behalf expended, for all of which let execution issue."

This cause was brought to and is now pending in this court upon a writ of error upon a petition filed therefor on the 16th day of May, 1932, by appellant.

On the 18th day, of January, 1932, the trial judge approved the following instrument as "a full and fair statement of all the facts proven on the trial of this cause":

"Columbian National Fire Underwriters Agency of Cleveland, Ohio, v. Halifax Fire Insurance Co. No. C–199—936.

"In the District Court of Harris County, Texas, 61st Judicial District.

"November 30th, 1931.
"The following constitutes and is the evidence introduced upon the trial of the above entitled and numbered cause.

"The plaintiff introduced in evidence its subrogation receipt, as follows:

" 'The State of Texas, County of Harris.

" 'Whereas, the Columbian National Fire Underwriters Agency, of Cleveland, Ohio, did insure J. E. Buckley, of Houston, Harris County, Texas, under its policy No. DU–117844, issued at its Houston Agency, as follows:

" 'Seven Thousand ($7,000.00) Dollars, on dwelling, located at No. 4020 Mount Vernon Street, in Montrose Addition to the City of Houston, and Two Hundred Fifty ($250.00) Dollars on the servants' house and garage, located at the same address, against loss by fire, said policy being for three (3) years, commencing on the 20th day of December, A. D. 1930, and continuing until the 20th day of December, A. D. 1933, said policy contract containing a loss payable or mortgage clause in favor of Grand Lodge of the Order of Sons of Herman of the State of Texas, San Antonio, Texas, and

" 'Whereas, the Halifax Fire Insurance Company, of Halifax, Nova Scotia, did insure J. E. Buckley of Houston, Harris County, Texas, under its Policy No. 106 issued at its Houston Agency, as follows:

" 'Seven Thousand ($7,000.00) Dollars on the dwelling described above, and Two Hundred Fifty ($250.00) Dollars on the servants' house and garage situated on the same premises, as above described, against all direct loss of damage by explosion for three (3) years, commencing on the 20th day of December, A. D. 1930, and continuing until the 20th day of December, A. D. 1933, said policy contract containing a mortgage clause with full contribution in favor of legal holder of notes, as first mortgage, or Trustee, as such interest may appear, and

" 'Whereas, I am informed by neighbors that on the 30th day of December, A. D. 1930, an explosion occurred in the dwelling described above, which explosion was followed by a fire, and

" 'Whereas, as the result of, and by virtue of said explosion and the fire following, the property above described and insured as above described, was damaged or destroyed to the amount of Sixty-Six Hundred ($6600.00) Dollars, and

" 'Whereas, the Columbian National Fire Underwriters Agency, of Cleveland, Ohio, without full knowledge of the extent of the loss caused by the explosion and/or by fire, or both, paid to the said J. E. Buckley, the total sum of Sixty-Six Hundred ($6600.00) Dollars, said payment including the interest of mortgagee named above, said Sixty-Six Hundred ($6600.00) Dollars being in full settlement and compensation for the total loss sustained on the above structure by virtue of the explosion, as well as the fire resulting therefrom;

" 'Now, therefore, know all men by these presents, that I, J. E. Buckley, assured named above, in consideration of the sum of Sixty-Six Hundred ($6600.00) Dollars, to me in hand paid by the Columbian National Fire Underwriters Agency of Cleveland, Ohio, in full settlement of my claims against said company, as well as the Halifax Fire Insurance Company of Halifax, Nova Scotia, by reason of said loss and damage occasioned by the explosion referred to and resulting fire, do hereby assign, set-over, transfer and subrogate to the said Columbian National Fire Underwriters Agency of Cleveland, Ohio, all the rights, claims, interest, choses, or things, and/or causes of action by virtue of contract

or otherwise, which I may have against the Halifax Fire Insurance Company of Halifax, Nova Scotia, by virtue of the contract of insurance described above, and the explosion described above, or for any other reason, as well as any claim, right, interest or cause of action against any other party, person, or corporation, who may be liable, or hereafter adjudged liable by virtue of contract or otherwise for the damage, and/or destruction of said property by virtue of said explosion and as the result thereof, to the extent of Sixty-Six Hundred ($6600.00) Dollars, and for the consideration herein named, I do further empower the said Columbian National Fire Underwriters Agency of Cleveland, Ohio, to sue, compromise, and/or settle in my name or otherwise, as it shall determine, on the above entitled claim and cause of action, and interest herein assigned and subrogated, and it, the said Columbian National Fire Underwriters Agency of Cleveland, Ohio, is hereby fully substituted and subrogated in and to my place and to all of my rights, claims and causes of action in the premises as aforesaid, to the extent of the amount so paid, it being expressly stipulated that any action taken by said Columbian National Fire Underwriters Agency of Cleveland, Ohio, shall be without charge or cost to the undersigned, J. E. Buckley, and it is further expressly agreed and stipulated and particularly on the part of the undersigned, that said insurance company, to-wit: the Columbian National Fire Underwriters Agency of Cleveland, Ohio, shall have the absolute control and management of any such action or actions, whether in my name or in their name or otherwise.

" 'Witness my hand, at Houston, Texas, this the 1st day of September, A. D. 1931.

" 'J. E. Buckley.

" 'The State of Texas, County of Harris.

" 'Before me, the undersigned authority, on this day personally appeared J. E. Buckley, known to me to be the person whose name is subscribed to the foregoing instrument, and he acknowledged to me that he executed the same for the purposes and consideration therein expressed.

" 'Given under my hand and seal of office, this the 1st day of Sept., A. D. 1931. Austin Y. Bryan, Jr., Notary Public, in and for Harris County, Texas.'

"It is agreed that the foregoing constitutes the evidence introduced upon the trial of this cause.

"I hereby certify that the foregoing statement of facts is a full and fair statement of all the facts proved on the trial of this cause.

"Will C. Thompson,
"Attorney for Defendant.
"Thompson, Knight, Baker & Harris,
"Attorneys for Defendant.
"Approved Jan. 18, 1932.
"Ben F. Wilson, Judge."

Such statement of facts was filed in the trial court on the 18th day of January, 1932, and in this court on the 23d day of June, 1932.

Prior to the perfecting of said writ of error, appellant filed a petition in the trial court to have the judgment rendered against it set aside and a new trial granted it upon equitable grounds. Citation in such matter was issued and served on appellee and it filed answer therein and, so far as shown, such suit has not been disposed of.

■ Appellee presented a motion in this court to dismiss the writ of error proceedings because of the pendency of the suit to set aside the judgment of the court below from which the writ of error is prosecuted.

At a former day of this term of this court such motion was granted and an opinion of dismissal was filed in this court. Upon motion of appellant for a rehearing of said motion, and upon further consideration thereof, we have reached the conclusion that the motion for rehearing should be granted and our former order set aside, and it is therefore ordered that such opinion be and the same is withdrawn and the motion to dismiss is refused.

In support of our conclusions and order above made, we cite the following authorities: Seguin v. Maverick, 24 Tex. 526, 76 Am. Dec. 117; Camden Fire Ins. Co. v. Hill (Tex. Com. App.) 276 S. W. 887, at page 894; Best v. Nix, 6 Tex. Civ. App. 349, 25 S. W. 130; Plummer v. Power, 29 Tex. 14, and many other cases cited by appellant in its motion for rehearing.

■ We are also met with a motion of appellee to strike out the statement of facts filed in this cause in this court, upon the contention that the same was neither agreed to nor signed in behalf of appellee, nor was it prepared by the official stenographer of the trial court from any transcript of the evidence filed by such stenographer with the clerk of the court; that there is no certificate of disagreement of the parties relative thereto; that the same has not been approved by the trial judge in the manner required by the statutes; and that it is shown on the face of such statement that it was filed in the trial court at a time when no appeal was pending, and when no notice of appeal had been given and no writ of error had been perfected.

We overrule the motion. Appellee makes no contention or claim that the statement of facts, approved by the trial judge, which contains the certificate of the judge, is erroneous as to the facts proven. It makes no contention that such statement does not fully and fairly set out all the evidence introduced at the trial of the case.

Of course, the statement was not prepared

by the court stenographer, as no stenographer was used in the trial of the cause.

The question of statement of facts is covered by articles 2238 to 2244. These various articles cover a situation where a reporter is present at a trial and where no reporter is present. They cover a situation where the parties agree on the statement of facts, and a situation where the parties do not agree on the statement of facts. The statement of facts herein is prepared and filed in conformity with these articles.

The question of the mechanics or the part of the trial judge is mentioned as far back as 1854 in the suit of Kelso v. Townsend, 13 Tex. 140. Among other language used in that opinion is the following:

"It is not, however, to be supposed, that it was intended to leave it in the power of one party to defeat the object of the statute; and we believe that the implied right would be in the Judge to certify under his seal a correct statement of the facts. * * * But it is said that the Judge has not, in this case, made out his own statement of the facts, but has certified to the correctness of the statement of one of the parties. If he was satisfied that the statement, presented to him by the only party who chose to comply with the law, was correct, that it corresponded with his own recollection of the evidence, his adoption of that statement was certainly a compliance with the spirit of the statute, the main object of which was to secure a correct statement of the facts, to become a part of the record.

"We believe that it may fairly be presumed from the record, that the appellee declined making a statement, and also refused to give his assent to the correctness of the one made out by the appellant; and under the circumstances, the statement of the facts in this case must be regarded as a part of the record."

In Barcus v. Case Threshing Machine Company (Tex. Civ. App.) 197 S. W. 478, 479, it is said: "The statement of facts is a part of the record made by the district court, and motions affecting such record and to make it speak the truth should be properly filed in that court."

In Inter-Ocean Casualty Co. v. Johnston (Tex. Civ. App.) 47 S.W.(2d) 696, 698, it is said: "We are confronted at the outset with the motion of appellee to strike the statement of facts, first, because same was not approved by the attorney for the appellee; and, second, because the statement of facts is in narrative form and not in question and answer form as required by Revised Statutes, article 2239, as amended in 1931, 42d Legislature, First Called Session, page 75, chapter 34, section 3 (Vernon's Ann. Civ. St. art. 2239). The statement of facts shows to have been approved, signed, and ordered filed by the trial judge and is therefore sufficient without being signed by the appellee or his attorney. The presumption is that the parties failed to agree, although it is not so stated by the trial judge. Bath v. Houston & T. C. Ry. Co., 34 Tex. Civ. App. 234, 78 S. W. 993; McGlasson v. Fiorella (Tex. Civ. App.) 228 S. W. 254; Thurman v. First State Bank of Carbon (Tex. Civ. App.) 300 S. W. 123."

See, also, Martin v. Martin (Tex. Civ. App.) 229 S. W. 695; Fort Worth Pub. Co. v. Armstrong (Tex. Civ. App.) 175 S. W. 1113; Camden Fire Association v. Railway Company (Tex. Civ. App.) 175 S. W. 816; Darcy & Wheeler v. Turner & Co., 46 Tex. 30, and other cases cited by appellant in its reply brief..

■ Appellant, for reversal of the judgment, contends that before appellee could lawfully recover judgment against appellant it must prove by some legal, competent, and admissible evidence that it issued any fire insurance policy to J. E. Buckley, as alleged by the plaintiff; that appellant issued any explosion insurance policy to Buckley, as alleged by the plaintiff; that if either of such policies was issued to Buckley insuring his house against loss by fire or explosion, that such house was damaged by explosion or by fire, as alleged by the plaintiff; that appellee was not liable for the destruction of the house by the terms of a policy issued by it to Buckley, as alleged in the plaintiff's petition, and that appellant was liable therefor under the terms of the explosion policy issued by it; and that since no proof of any of the things mentioned was made, as shown by the statement of facts, the court erred in rendering any judgment against appellant.

We think the contention of appellant should be sustained. Since the statement of facts filed in this court, approved by the trial judge, purports to contain a full and fair statement of all the facts proven on the trial of the cause, we must look to such statement alone to determine what facts were proven.

When looking to such statement of facts, we find that though the plaintiff alleged that appellant issued an explosion policy to Buckley, no proof was made of such allegation; that though the plaintiff alleged that it issued a fire policy to Buckley, no proof was made of such allegation; that though the plaintiff alleged a fire and explosion occurred, no proof was made of such allegations; that though the plaintiff alleged that the alleged fire and explosion injured Buckley's house, no proof was made of such allegation; that though the plaintiff alleged that the damage to Buckley's house by fire and explosion was $5,000, no proof of such allegation was made. All and each of such allegations in the plaintiff's petition were necessary to set out a cause of action against appellant, and since no

proof was made of any of them, the judgment rendered was without evidence to support it.

Our conclusion is that the judgment is without evidence to support it, and therefore it should be reversed and the cause remanded, and it is accordingly so ordered.

Reversed and remanded.