G. & H. EQUIPMENT COMPANY, INC., Appellant,

v.

Perry D. ALEXANDER, Appellee.

No. 17687.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 13, 1976.

Rehearing Denied March 5, 1976.

Brown, Crowley, Simon & Peebles, and M. Hendricks Brown, Fort Worth, for appellant.

Rex McEntire, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This is a suit for damages for personal injuries that resulted from an automobile wreck. It was brought by the plaintiff, Perry D. Alexander, against the two defendants, Farest E. Brooks and G. & H.

Equipment Co., Inc. The suit was brought on the theory that defendant, Brooks, was an employee of the other defendant and that while Brooks was acting within the scope of his employment for G. & H. Equipment Co., Inc., he was guilty of negligence that proximately caused the wreck in question and the plaintiff's injuries.

Upon receipt of the jury's verdict the trial court rendered judgment for the plaintiff and against the two defendants in the amount of $182,104.61 and this appeal is being made by the defendant, G. & H. Equipment Co., Inc., from that decree. The other defendant, Brooks, has not appealed.

We affirm.

Defendant's first point of error is that the trial court erred in granting the plaintiff's motion for judgment and in overruling the defendant's motion for judgment. Defendant's contention under that point is that the plaintiff failed to get the court to submit to the jury in its charge an issue inquiring as to whether or not Brooks, on the occasion in question, was acting within the scope of his employment for the defendant, G. & H. Equipment Co., Inc., at the time of the wreck, and that that issue was, within the meaning of Rule 279, T.R.C.P., one involving an independent ground of recovery, and that by failing to get it submitted to the jury the plaintiff waived such issue. The defendant contends that by reason of such waiver it was entitled to have judgment rendered in its favor.

We overrule that point.

In its charge the trial court submitted issues inquiring whether defendant, Brooks, committed negligent acts or omissions that proximately caused plaintiff's injuries and submitted damage issues. The trial court did not submit an issue inquiring whether or not Brooks was acting within the scope of his employment for appellant at the time of the wreck. No one requested such an issue and no one objected to this omission until after verdict.

We will refer in this opinion to the defendant, G. & H. Equipment Co., Inc., as appellant, to the defendant, Farest Brooks, as Brooks, and to the plaintiff, Alexander, as appellee.

In a commentary by former Supreme Court Justice Alexander that appears in Vol. 3, T.R.C.P., at page 10 under Rule 279, he says the following: "Let us suppose a negligence suit brought by a plaintiff against a defendant-employer for injuries sustained in a collision between an automobile occupied by plaintiff and a truck driven by a person alleged to have been the defendant's servants in the course of his employment; *and say that the evidence makes it a controverted issue whether the driver of the truck was in fact the defendant's employee in the course of his employment at the time.* In submitting the case the court puts to the jury issues to determine whether the truck driver was guilty of the fault alleged by plaintiff, and whether such act or omission, if done, was negligence, and whether such negligence, if any, was the proximate cause of plaintiff's injuries, but fails to submit any issue, and none is requested, to have the jury find whether the truck driver was the defendant's servant acting in the course of his employment at the time of the collision. In my opinion the general understanding of lawyers is that a judgment for plaintiff under said circumstances could not be sustained by indulging a presumed finding that the driver was the defendant's servant in the due course of his employment at said time. This for the reason that said question is an inquiry distinct and independent from the questions submitted by the court." (Emphasis supplied.)

In deciding this case we assume that the quoted statement by Judge Alexander is a correct statement of the law. We find no cases directly in point. Even if it is the law, if the issue of scope of employment was conclusively established by the evidence in this case then it was not necessary to submit an issue to the jury on that question. Rule 279, T.R.C.P.; *National Security Life & Casualty Co. v. Benham,* 233 S.W.2d 334 (Tex.Civ.App., Amarillo, 1950,

ref., n. r. e.); and *Benefit Ass'n of Ry. Employees v. O'Gorman,* 195 S.W.2d 215 (Tex.Civ.App., Fort Worth, 1946, ref., n. r. e.).

We hold that the undisputed evidence in the case conclusively established the fact that on the occasion of the wreck Farest Brooks was acting within the scope of his employment for the appellant and for that reason it was not necessary for the appellee, in order to be legally entitled to a judgment against the appellant, to obtain a jury finding on the issue of scope of employment.

■ The defendant, Farest Brooks, was the only witness that testified to facts that related to that issue. His testimony is undisputed. He testified that on February 7, 1972, he was an employee of the appellant; he was a heavy equipment operator; that was his first day at work; his employer's place of business was at Mineral Wells, Texas; that morning he had been trying to start his employer's dragline; he discovered that its starter was burned out; he left his employer's place of business at between 11:30 and 11:45 A.M. under directions from his employer's superintendent to go to a certain business in Dallas, Texas, and there purchase a new starter for the dragline and to then return it to the employer's business at Mineral Wells on the same day; he left his employer's business and drove toward Fort Worth on a direct route to Dallas and stopped in Fort Worth and ate his noon meal; he consumed two beers with the meal and bought gasoline; he then resumed his journey to Dallas and while traveling in a direct route to the place of business where his employer had directed him to go to perform the mission for the employer he became involved in the wreck in question. Brooks made the trip in his own pickup.

If this undisputed testimony of the defendant, Brooks, is taken as true, Brooks was acting within the scope of his employment for appellant at the time of the wreck. *Chisos Mining Co. v. Huerta,* 141 Tex. 289, 171 S.W.2d 867 (1943), and *Barber v. Intercoast Jobbers & Brokers,* 417 S.W.2d 154 (Tex.Sup., 1967).

The following is from the opinion in the case of *Continental/Moss-Gordin, Inc. v. Martinez,* 480 S.W.2d 800 (Tex.Civ.App., San Antonio, 1972, no writ hist.): "Appellant recognizes that the law is to the effect that a person found in the employment of another is presumed to be such person's employee acting in the course and scope of his employment for such person. . . . Such presumption is not conclusive but is a rebuttable presumption."

■ The fact that a witness is an employee of a party to the suit can be considered on the question of interest or partiality of the witness. 62 Tex.Jur.2d 218, Witnesses, Sec. 254. Brooks was an interested witness in the case at the time he gave his deposition testimony because he was at that time an employee of the appellant and for the further reason that he was a party to the suit.

Brooks' deposition testimony, taken while Brooks was still an employee of appellant, was introduced into evidence by appellee and he therein testified to the facts above set out which are undisputed. Brooks was later placed on the stand by the attorney representing appellant and himself and he then made no effort to dispute his former testimony and he again testified that on the day of the wreck he was an employee of the appellant. Three months after the wreck, after Brooks had recovered from his injuries, he returned to his job as an employee for appellant and worked there until October 4, 1973.

The record shows that appellant and Brooks were defended in this case by the same firm of lawyers. Those attorneys filed one answer for both defendants. After judgment was rendered in the case those attorneys filed motions for new trial for both defendants.

Although it is true that Brooks was an interested witness for the reasons above stated, his interests were the same as were the interests of the appellant. They both

defended the case on the grounds that Brooks committed no act or omission of negligence on the occasion that proximately caused the wreck. They further defended the case by urging that the appellee had been guilty of contributory negligence that proximately caused the wreck. They jointly urged those matters as a defense to the suit that appellee had brought seeking a joint and several judgment against them. The interests of Brooks in the case were in no way adverse to the interests of the appellant, but were adverse to the interests of the appellee, who had offered Brooks' deposition testimony under the adverse witness rule. (Rule 182, T.R.C.P.)

■ The general rule is that the testimony of a party to a suit, even though uncontradicted, does no more than raise a fact issue for the jury's determination. A well recognized exception to that general rule is the following: where the testimony of an interested party is uncontradicted, is clear and positive, and there are no circumstances in evidence tending to discredit such testimony, conclusive effect will be given to it. *McGuire v. City of Dallas,* 141 Tex. 170, 170 S.W.2d 722 (1943, opinion adopted) and *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41 (Tex.Sup., 1965). Those cases hold that this exception is especially true and applicable where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so.

In this case Brooks was present at the trial to aid his attorney in his own defense and in the defense of appellant. The defense attorney put him on the witness stand during the trial but made no effort to discredit his testimony on the scope of employment issue. Appellant did not offer its superintendent or any other witness to discredit Brooks' testimony on that issue.

We hold that the exception to the general rule, both stated above, controls a decision of the point being considered. When it is applied to the facts of this case, the scope of employment issue was established as a matter of law in the appellee's favor and it was therefore not necessary to submit such issue to the jury.

In appellant's second point of error it contends that as a matter of law Brooks could not have been acting within the scope of his employment for appellant because he was then driving his own pickup and was intoxicated.

We overrule that point.

■ The fact that Brooks was driving his own pickup is not controlling in deciding the question. The undisputed evidence showed that he was working as an employee of appellant at the time of the wreck and that he was at that time acting in furtherance of his master's business in that he was on his way to Dallas to buy the dragline starter for his employer as he had been instructed by his boss to do. Those facts put Brooks in the scope of his employment for appellant at the time of the wreck. 38 Tex.Jur.2d 502, Master and Servant, § 247.

■ Even if Brooks had been intoxicated on the occasion of the wreck, as is contended by appellant, this fact would not of itself take Brooks out of the scope of his employment for appellant as is contended by appellant.

The rule of law that controls in that situation is stated in 57 C.J.S. Master and Servant § 570 Note 55, p. 306, as follows: "Where an act inflicting an injury on a third person is committed by a servant acting within the scope of his authority, the fact that the servant . . . was intoxicated at the time of inflicting the injury complained of does not exonerate the master from liability." The following cases hold in accordance with the rule just quoted: *American Nat. Ins. Co. v. Shepherd,* 91 S.W.2d 439 (Tex.Civ.App., Galveston, 1935, reversed on other grounds in 128 Tex. 229, 95 S.W.2d 370); *Cleveland Nehi Bottling Co. v. Schenk,* 56 F.2d 941 (Ct. of App., 6th Cir., 1932); *Cahlmers v. Harris Motors, Inc.,* 104 N.H. 111, 179 A.2d 447 (Sup.Ct., 1962); *Erdman v. Henry S. Horkheimer & Co.,* 169

Md. 204, 181 A. 221 (Ct. of App., 1935); and *Central Truckaway System v. Moore,* 304 Ky. 533, 201 S.W.2d 725 (Ct. of App., 1947).

The reason for the rule is stated in the opinion in *Chesapeake & O. Ry. Co. v. Francisco,* 149 Ky. 307, 310, 148 S.W. 46 (Ct. of App., 1912) as follows at page 48: "Though the person injured and the master may both be innocent, yet it is the master's servant who causes the injury, and therefore the master should bear the loss."

In appellant's third point of error it contends that the trial court erred in considering appellee's so-called bystander's bills and in permitting Alexander to introduce into evidence at the hearing of the motions for judgment an affidavit from a juror and in hearing evidence from a juror and Alexander concerning defendant's counsel having allegedly admitted during the course of the trial that Brooks was acting within the scope of his employment.

In its fourth point of error appellant contends that the trial court erred in making the following finding in its order overruling appellant's motion for new trial: "Court specifically finds that the attorney for defendants admitted in open court during the trial of this cause that the defendant Brooks was acting in the course of his employment for the defendant, G. & H. Equipment Company, Inc., at the time of the collision . . . ."

We overrule appellant's third and fourth points of error because we are convinced that none of the complaints therein made reflect reversible error.

The matters complained of in both points relate solely to the question of whether Brooks was at the time acting within the scope of his employment for appellant. If we are correct in our holding that the undisputed evidence upon the trial of the case established as a matter of law that Brooks was acting within the scope of his employment for appellant at the time of the wreck, then these two points are immaterial.

On this appeal appellee contends that one reason why the trial court did not submit to the jury an issue on scope of employment was because during an occasion when appellant's counsel was addressing the jury panel, either on voir dire examination of the panel or during final arguments or both, he admitted such fact by telling the jurors that he did not deny that Brooks was on his way to Dallas to pick up a starter for the appellant when the wreck happened. He also contends that the scope of employment issue was not submitted to the jury for the additional reason that the undisputed evidence established that fact as a matter of law in appellee's favor.

The statement of facts filed in connection with the appeal showing the trial proceedings does not show that appellant's counsel ever made any such admission. The voir dire jury examination and the final arguments were not reported and no attorney asked that they be reported. It is permissible to include in a statement of facts jury arguments and the voir dire examination of the jurors. Rule 372(*1*), T.R.C.P.

After the large verdict was returned both appellee and the appellant filed motions for judgment. Appellant's motion was based on the proposition that in so far as appellant is concerned, the scope of employment issue was an independent ground of recovery under Rule 279, T.R.C.P., and since such issue was not submitted to the jury and no request was made by appellee that it be submitted that such issue was waived and appellant was by reason of such waiver entitled to judgment. The trial court overruled appellant's motion for judgment and granted the appellee's motion for judgment.

In an effort to make the record show that appellant's attorney did make such admissions before the jury appellee procured affidavits from three of the jurors that tried the case and from a Wayne Sparks, who swore he was in the courtroom during the trial, and they all swore in those affidavits that appellant's attorney did at the time contended make statements to the jury in

effect admitting that Brooks was acting within the scope of his employment for appellant. Appellee's counsel has denominated these affidavits as "Bystander's Bills". He filed all four of them among the papers in this case in the District Clerk's office and they appear in the transcript.

■ Bystander's bills are authorized by Rule 372(j), T.R.C.P., under certain circumstances. The judge in this case filed no bill of exceptions as is contemplated in that rule relating to bystander's bills. The affidavits were not filed, as contemplated by that rule, in order to refute statements made in a bill of exceptions filed by the trial court. We hold that the four affidavits filed in the district clerk's office, under the circumstances present in this case, cannot be considered by this Court on appeal for the purpose of determining what, if anything, counsel for appellant said by way of admitting the scope of employment question because the filing of such affidavits as those are not provided for by Rule 372 or by any other legal rule. They are hearsay and do not qualify as bystander's bills under the facts of this case.

■ A court of civil appeals may receive evidence in the form of affidavits or otherwise only to supply jurisdictional facts that are not apparent in the record. *Gist v. Holt,* 173 S.W.2d 216 (Tex.Civ.App., Beaumont, 1943, ref., w. o. m.) and *Rosetta v. Rosetta,* 525 S.W.2d 255 (Tex.Civ.App., Tyler, 1975, no writ hist.).

The attorneys for both sides and the trial court each signed a certificate attached to the statement of facts that reflects the trial proceedings in this case certifying that it is a "full, true, and correct statement of the facts adduced in this case." It did not reflect that appellant's attorney made statements either in voir dire exam of the jury panel or during arguments to the jury admitting that Brooks was at the time of the wreck acting within the scope of his employment for appellant.

In the case of *Halifax Fire Ins. Co. v. Columbian Nat. Fire U. Agency,* 63 S.W.2d 750 (Tex.Civ.App., Galveston, 1933, writ dism.), the court said the following at page 754: "Since the statement of facts filed in this court, approved by the trial judge, purports to contain a full and fair statement of all the facts proven on the trial of the cause, we must look to such statement alone to determine what facts were proven."

■ In the case of *Williams v. Kuykendall,* 136 S.W. 1158 (Tex.Civ.App., 1911, no writ hist.) the trial judge made out and certified to a statement of facts after the parties could not agree on one. It was contended that the parties made an agreement during the trial as to title to some land involved, but the agreement was not put into the statement of facts. The court held that the statement of facts is the only thing the court can look to in deciding what facts were proven or agreed to at the trial. The statement of facts is conclusive on the question of whether the claimed stipulation was introduced into evidence.

In *Holder v. Scott,* 396 S.W.2d 906 (Tex. Civ.App., Texarkana, 1965, writ ref., n. r. e.), the appellee filed a motion for rehearing contending that in the trial court the parties had stipulated that the divorce decree entered in Arkansas was a valid decree of divorce between the parties. This stipulation was not in the statement of facts. The appellee attached a certificate from the trial court to his brief in support of the fact the parties had so stipulated. The statement of facts on file had the court reporter's certificate, the approval of both attorneys and the certificate of the trial judge. The court held that under those facts the appellate court was without jurisdiction to go behind the statement of facts.

And in *Johnson v. Brown,* 218 S.W.2d 317 (Tex.Civ.App., Beaumont, 1948, writ ref., n. r. e.) the court held: (1) that plaintiff's lawyer's affidavit attached to a second motion for rehearing cannot be considered by the Court of Civil Appeals; (2) the affidavit of the court reporter for the trial court and (3) affidavit of special trial judge cannot be

considered in support of argument that appellee was wrongfully deprived of a statement of facts.

The record shows that in its order overruling appellant's motion for new trial the trial court found as follows: " . . . the Court specifically finds that the attorney for Defendants admitted in open Court during the trial of this cause that the Defendant, Brooks, was acting in the course of his employment for the Defendant, G. & H. Equipment Company, Inc., at the time of the collision . . . ." This is the finding complained of in appellant's fourth point of error. There is nothing in the statement of facts showing the trial proceedings that supports that finding.

Rule 279, T.R.C.P., provides in part: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived . . . ."

We hold that the trial court's finding as to the alleged admission of scope of employment by appellant's counsel is ineffective and cannot be considered by this Court on the question of whether or not such admission was in fact made.

This is true because Rule 279 does not authorize the trial court to make such a finding and we know of no other rule of law that would authorize this appellate court to consider the trial court's finding that appellant's counsel had admitted the scope of employment issue.

This appellate court, under the facts of this case, can look only to the statement of facts to determine what facts, if any, were admitted, stipulated to, or proven during the trial of the case. It is conclusive, under the facts of this case, on the question of whether or not such an admission as that claimed here was made. *Williams v. Kuykendall,* supra; *Halifax Fire Ins. Co. v. Columbian Nat. Fire U. Agency,* supra; *Holder v. Scott,* supra; and *Johnson v. Brown,* supra.

We are convinced and hold that the trial court's finding being discussed and the four alleged bystander's bills (affidavits) can in no way be considered by this Court in deciding this appeal.

These matters all relate to the scope of employment issue and in view of our holding that scope of employment was established by the undisputed evidence in appellee's favor as a matter of law they are immaterial to a decision of this case.

In the appellant's 5th, 6th, 7th and 8th points of error it contends that there was no evidence, or in the alternative wholly insufficient evidence to support the jury's finding (1) of $100,000 for loss of earning capacity in the future; (2) of $25,000 for physical pain and mental anguish in the past; (3) of $25,000 for physical pain and mental anguish in the future; and (4) of $7,500 for future medical expenses. In those points appellant further contends that such findings were motivated by bias and prejudice and are so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong. In its ninth point of error appellant contends that it is entitled to a substantial remittitur.

We overrule all of those points.

The jury in its verdict made the findings complained of.

A police officer testified: that he saw the wreck and that Brooks' pickup was travelling between 55 and 65 miles an hour when it struck the rear of the vehicle that appellee was in; that the pickup came to rest after the collision 216 feet beyond the point of impact; and that appellee was knocked out of his vehicle and onto the shoulder of the road by the impact.

Dr. Charles Vavrin, a medical doctor and orthopedic surgeon, testified as follows: He treated appellee starting February 18, 1972, for his car wreck injuries; appellee received in the wreck a large hematoma from fracture of transverse processes of thoracic and lumbar vertebrae; he had a marked amount of pain from those injuries; he was

given 75 or 80 physiotherapy treatments by Dr. Warren; his elbow was injured in the wreck requiring surgery; none of the fractures of appellee's transverse processes ever healed; the bones did not reunite; this injury is 100% disabling to a service station operator; he will not be able to do that type work again; appellee has by the injuries been rendered unable to perform any work requiring manual labor; this condition is permanent; there is nothing that can now be done to cause a healing of the bones that have not reunited in appellee's back; he has recurrent and persistent pain from the condition which is permanent; appellee's non-union of transverse process is at vertebrae L1, 2, 3 and 4; he had an injury to the disc at L5 which contributes to his problem; muscles in the low back attach to the transverse processes of the vertebrae that did not reunite and this causes a problem; surgery will not help the condition, and appellee will have to live with the pain from it.

Mrs. Alexander testified that since the wreck appellee has had a lot of pain in his back and left leg and has suffered a lot. His pain has not lessened.

Dr. Don Warren, who also treated appellee, testified: the fractures of the transverse process of the vertebrae in his back have never healed; in his opinion he is permanently unable to do the job of a service station operator or anything else that requires physical effort; that in all reasonable medical probability he will in the future require medical treatment that will cost between $5,000 and $10,000; there will be many future days when appellee will have trouble even getting up and getting around because of the pain; appellee has had problems in walking because of his left leg which has just given away several times causing him to fall; this left leg pain is probably from a disc injury.

The plaintiff testified to the following: Brooks' pickup truck struck the rear of the vehicle that he was in; that he was injured in the wreck; he was born July 18, 1926; the jobs he has held have all required physical exertion, lifting, bending and stooping; since 1962 he had been operating a filling station; the wreck here involved occurred in February, 1972; the trial was had December 4, 1974; following the wreck in February, 1972, he was unable to work because of his injuries until August, 1972; from August, 1972, to February, 1974, he was able to spend 4 to 5 hours a day doing paper work or supervising; he could no longer operate a tow truck and he had 5 of them in operation; his capacities have been so limited since the wreck that Exxon took his outlet from him; he had been working 12 to 16 hours a day but at trial time he could in no way stay on the job more than 8 hours a day and he cannot lift car hoods, mount tires and do the work necessary to operate a filling station; the year before the wreck he earned $18,397.22; the year of the wreck (1972) he made $15,971.40; the next year he earned $14,129.38; in 1973 he paid $14,979.12 to pay extra help to do the work that he had been doing at the filling station; at the time of the trial he still had continuous pain from his injuries; and it is more severe if he lifts 25 pounds or more.

From the evidence listed it is apparent to us that there is no basis for appellant's contention that there is *no* evidence to support the jury findings complained of. We hold that the evidence is sufficient to support such findings and that they are not against the overwhelming weight and preponderance of the evidence.

Appellant's tenth point of error is that the cumulative effect of the complained of errors committed by the trial court was to effect such a denial of the rights of appellant as would be reasonably calculated to cause and probably did cause the rendition of an improper judgment.

We overrule this point. We are convinced that because the undisputed evidence established as a matter of law that Brooks was at the time of the wreck acting within the scope of his employment for appellant, any claimed error that the trial

court might have made in connection with that issue was harmless.

Affirmed.