CITIZENS LAW INSTITUTE et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 19378.

Court of Civil Appeals of Texas, Dallas.

Oct. 13, 1977.

382

Howell C. Willis, Dallas, William R. Pabst, Houston, for appellants.

David W. Pace, Asst. Atty. Gen., Austin, for appellee.

GUITTARD, Chief Justice.

This appeal from an order granting a temporary injunction is before us without a statement of facts. Instead, the record contains a "bystanders' bill" in the form of an affidavit signed by three persons. We hold that this affidavit provides no basis for review of the trial court's rulings because it does not comply with the requirements of a bystanders' bill in rule 372, Texas Rules of Civil Procedure. We also hold that the trial judge was not shown to be disqualified by the filing of an unsworn motion alleging that he had been named a defendant in another lawsuit brought against him by one of the parties to this suit.

■ Ordinarily we must presume in the absence of a complete statement of facts that the evidence supports the judgment. The *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968). Moreover, we cannot consider whether an appellant has been prejudiced by an error committed in the course of the trial unless the entire record is before us. *Dennis v. Hulse,* 362 S.W.2d 308, 310 (Tex.1962); *Gordon v. Aetna Cas. & Sur. Co.,* 351 S.W.2d 602, 604 (Tex.Civ.App. —Eastland 1961, writ ref'd). Appellants contend that these rules should not apply because of the following averments in the "bystanders' bill":

2. Defendant William R. Pabst made a motion to have a private court reporter who was present to take the testimony in the hearing, but Spencer Carver refused and overruled said motion.

3. Spencer Carver insisted that his court reporter be used, a certain Floyd Dixson, who took down the testimony in a faulty and dishonest manner and in many instances did not truely [sic] report the testimony and objections that were given.

In view of these averments, appellants argue that they were not afforded an opportunity to obtain an accurate statement of facts, or even to make an adequate record of their own as a basis to seek corrections in the statement of facts. Therefore, they insist that they should be able to obtain review on the basis of their bill without a statement of facts. In this connection, their first point of error is that the court erred in denying their motion to use their own private court reporter at the trial.

■ We must overrule this point and all others based on the "bystanders' bill" because the affidavit does not comply with the requirements of rule 372, Texas Rules of Civil Procedure.[1] This rule does not authorize the losing party to dispense with a statement of facts by the simple device of filing an affidavit of three bystanders averring that the official reporter did not do his duty. Before filing a bystanders' bill, the complainant must first present his bill of exception to the judge, who may sign it, make corrections, or return it to the complainant with an endorsement of his refusal. Only then may the complainant obtain an affidavit of three bystanders, and only if this procedure is followed is it appropriate for the other party to file affidavits controverting the averments of the bystanders' bill. Unless this procedure is followed, the appellate court is not in a position to determine the truth of the bystanders' affidavit. Consequently, the affidavit in the present record can provide no basis for review of the trial court's rulings. *G. & H. Equipment Co. v. Alexander,* 533 S.W.2d 872, 878 (Tex.Civ.App.—Fort Worth 1976, no writ).

■ Moreover, the present record fails to show that appellants have attempted to obtain an accurate statement of facts in the manner provided by rule 377(d), Texas Rules of Civil Procedure, as follows:

---

1. The pertinent provisions of this rule are the following:

(f) Bills of exceptions not in the statement of facts shall be presented to the judge for his allowance and signature.

(g) The judge shall submit such bill to the adverse party or his counsel, if in attendance on the court, and if found to be correct, the judge shall sign it without delay and file it with the clerk.

(h) If the judge finds such bill incorrect, he shall suggest to the party or his counsel such corrections as he deems necessary therein, and if they are agreed to, he shall make such corrections, sign the bill and file it with the clerk.

(i) Should the party not agree to such corrections, the judge shall return the bill to him with his refusal indorsed thereon, and shall prepare, sign and file with the clerk such bill of exception as will, in his opinion, present the ruling of the court as it actually occurred.

(j) Should the party be dissatisfied with said bill filed by the judge, he may, upon procuring the signatures of three respectable bystanders, citizens of this State, attesting to the correctness of the bill as presented by him, have the same filed as part of the record of the cause; and the truth of the matter in reference thereto may be controverted and maintained by affidavits, not exceeding five in number on each side, to be filed with the papers of the cause, within ten days after the filing of said bill and to be considered as a part of the record relating thereto. The truth of such bill of exceptions shall be determined on appeal from such affidavits.

If any difference arises as to whether the record truly discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts be by him made to conform to the truth.

The complaining party, if dissatisfied with a statement of facts after the judge has undertaken to settle any differences, may then prepare a bill of exceptions under the procedure prescribed by rule 372. He cannot, however, ignore the requirements of both rule 372 and rule 377 and obtain review on the basis of an ex parte affidavit, as appellants seek to do here.

 We need not consider appellants' remaining points, since they are all based on their "bystanders' bill." We note, however, that their third point asserts error in the trial court's overruling the unsworn motion of appellant Willis to disqualify the judge because Willis had named the judge as defendant in a suit in the United States District Court. We cannot accept this motion as proof of its allegations, but even if we could, we would hold that a judge is not disqualified by the mere pendency of another lawsuit brought against him by one of the parties. To hold otherwise would permit a party to disqualify the judge by filing a suit against him, whether well-founded or not.

Affirmed.